Sheriff Jack HEARD, Appellant,

v.

The HOUSTON POST COMPANY d/b/a the Houston Post, Appellee.

No. 01-84-00393-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1984.

Rehearing Denied Jan. 24, 1985.

Mike Driscoll, County Atty. for Harris County, Molly D. Shannon, Bill E. Lee, Harris County Asst. County Attys., Houston, for appellant.

A. Frank Koury, Alton J. Hall, Jr., Fulbright & Jaworski, Houston, for appellee.

Before DOYLE, BASS and BULLOCK, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a permanent injunction against Sheriff Jack Heard (the Sheriff) ordering him to make available to the Houston Post (the Post) access to or a copy of the Offense Report whenever the Post requests it pursuant to its statutory rights under the Texas Open Records Act.

On April 12, 1984, the Houston Post reported allegations that four Harris County Sheriff's Deputies had brutalized Richard Allen Brittain during his arrest on April 9. The Post requested from the Sheriff's office on April 12 a copy of the offense report on Brittain's arrest. The Sheriff's office denied the request, contending that the report was excepted from disclosure by the Texas Open Records Act, Tex.Rev.Civ. Stat.Ann. art. 6252–17a (Vernon Supp. 1984).

On April 13, 1984, the Houston Post requested and was granted a temporary injunction, which ordered Sheriff Heard to provide the newspaper with a copy of the first page of Brittain's offense report. A show cause hearing for a temporary injunction was originally scheduled for April 23, 1984. Both parties agreed that the submissions at this hearing would be for an application for a permanent injunction, because the Sheriff indicated he would deny future requests for similar offense report information in all cases.

On May 1, 1984, the court signed a permanent injunction ordering the Sheriff to provide the Post, within three hours of its request, a copy of the Sheriff's Department offense report containing the following information: 1) the offense committed; 2) the location of the crime; 3) the premises involved; 4) the time of the occurrence; 5) the property involved; 6) the vehicles involved; 7) the description of the weather; 8) a detailed description of the offense in question; and, 9) the names of the investigating officers. The identification and description of the complainant was ordered released only in cases not under active investigation; in cases where the complainant is also the victim of the offense committed; in cases where the identification and description of the complainant are evident from the abovementioned nine categories; and in all other cases except where there is an active investigation and the Sheriff's Department applies to a court and asserts a reasonable likelihood of serious physical harm to the complainant if the complainant's identity or description were

revealed to other than law enforcement agencies.

On May 23, 1984, the Houston Post filed a motion to modify judgment, objecting to that portion of the judgment that limited the release of the identity and description of the complainant. The motion was denied.

On May 25, 1984, Sheriff Heard filed his notice of appeal without an appeal bond, pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–19b (Vernon Supp.1984). However, the docket sheet of the court shows a $1,000 bond filed on June 11, 1984, apparently fixed by the court.

Appellant now brings two points of error. Appellee has filed a cross-point based on its motion to modify judgment. Appellant's second point, objecting to the issuance of the permanent injunction, will be discussed first.

In his second point of error, appellant urges that it was error for the trial court to order the Sheriff to deliver a copy of an offense report to the Post and to deliver future copies when requested. Appellant's brief presents two arguments to support this allegation.

■ His first argument is that sec. 3(a) of the Texas Open Records Act excludes the offense report from disclosure to the public. It is to be noted that only portions of the offense report were ordered disclosed and not the entire report. These portions are public information as determined by the decision in *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177, 187 (Tex.Civ.App.—Houston [14th Dist] 1975, writ ref'd n.r.e.), 536 S.W.2d 559 (Tex.1976) (*Chronicle I*). The information requested by the Houston Post is the same information with which *Chronicle I* was concerned. Eighteen exceptions are listed in sec. 3(a), and appellant relies on three of them. The exception found in sec. 3(a)(1) is based on confidentiality. The appellant brings forward this exception for the first time on appeal. Arguments raised for the first time on appeal are not properly preserved and cannot be considered by

an appellate court. *Gray-Taylor, Inc. v. Tennessee*, 587 S.W.2d 668, 671 (Tex.1979).

■ The next exception appellant has relied on is sec. 3(a)(3):

(3) information relating to litigation of a criminal or civil nature and settlement negotiations, to which the state or political subdivision is, or may be, a party, or to which an officer or employee of the state or political subdivision, as a consequence of his office or employment, is or may be a party, that the attorney general or the respective attorneys of the various political subdivisions has determined should be withheld from public inspection;

Section 7 of the Act provides that the Attorney General make a determination as to the status of information within the exceptions, when a governmental body requests a determination that has not previously been made. This section also states that if a decision is not requested, there is a presumption that the information is public. The Attorney General's opinions construing the Open Records Act are not binding on the courts, but are to be given great weight because the legislature has required a written opinion when a determination is requested from the Attorney General. *City of Houston v. Houston Chronicle Publishing Co.*, 673 S.W.2d 316, 322 (Tex.App.—Houston [1st Dist.] 1984, no writ) (*Chronicle II*).

■ The opinions construing sec. 3(a)(3) indicate that this exception applies only when a lawsuit has been filed or if litigation is reasonably anticipated. Op.Atty. Gen., No. ORD–350 (1983); No. ORD–288 (1981); No. ORD–143 (1976). Although appellant's brief outlines the steps in the criminal justice system, there is nothing specific to indicate that litigation is reasonably anticipated with respect to these nine items.

Appellant next relies on sec. 3(a)(8):

(8) records of law enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law enforcement agencies which are maintained

for internal use in matters relating to law enforcement;

Appellant also relies on *Ex parte Pruitt*, 551 S.W.2d 706 (Tex.1977). This case centered on an active arson investigation, and appellant mistakenly concludes that the district court could not order the production of records because of the investigation. The court could not order the production of detailed, investigatory records. However, the court could under the release of basic information, similar to that in *Chronicle I. Ex parte Pruitt*, 551 S.W.2d at 709–10. Appellant disapproves of the decision in *Chronicle I* because it holds the offense report was excluded by sec. 3(a)(8), but then balances the competing interests and orders information from the report released.

Opinions of the attorney general construing sec. 3(a)(8) indicate that information is protected by this exception if there is a showing that release of the information would unduly interfere with law enforcement. Op.Atty.Gen., No. ORD–252 (1980); No. ORD–333 (1983).

Appellant, however, does make an argument, which is not supported by any law, that releasing portions of the offense report may result in harm to the individual under investigation.

In discussing the potential for massive and unjustified damage to the individual, the court in *Chronicle I* found that the right of privacy is not an unlimited one and that newsworthy occurrences may justify the invasion of the lives of private citizens. *Chronicle I*, 531 S.W.2d at 188.

■ Appellant's second argument is that the press has no constitutional right to have access to particular government information. The case relied on is *Houchins v. KQED, Inc.*, 438 U.S. 1, 98 S.Ct. 2588, 57 L.Ed.2d 553 (1978) and involved a broadcaster seeking access to inmates in a county jail. The holding in that case was that "the media have no special right of access ... different from or greater than that accorded the public generally." *Id.* at 16, 98 S.Ct. at 2597. In a concurring opinion, it was noted that "[f]orces and factors other than the Constitution must determine what government-held data are to be made available to the public." *Id.* The Post is not seeking a special right of access, but the same access due the general public to information about crime in the community.

Appellant uses a federal statute, which is similar to the Texas statute, and the cases construing the federal statute to further support its position for denying access to government records. Appellant failed to note the section in the Freedom of Information Act which upholds disclosing portions of records. *See Industrial Foundation of the South v. Texas Industrial Board*, 540 S.W.2d 668 (Tex.1976).

■ Appellant contends *Chronicle I* is inapplicable to this case. We disagree. The same items of information are at issue. These items are contained in records of law enforcement agencies, and construction of the Texas Open Records Act and the constitutional right of access to information concerning crime in the community are in issue. Appellant has failed to present facts or law that would require a finding that information already held to be public should not be made public in this case. Appellant's second point of error is overruled.

Appellant, in his first point of error, contends that the trial court erred in requiring him to file an appeal bond. In order to perfect an appeal, Rule 354 of the Texas Rules of Civil Procedure requires a cost bond payable to the appellee or a deposit with the clerk. The rule allows for statutory exemptions.

Appellant bases his claim of statutory exemption on Tex.Rev.Civ.Stat.Ann. art. 6252–19b (Vernon Supp.1984). This Act, "an Act relating to the liability of a political subdivision for certain acts of officers and employees," is applicable where damages arise out of a cause of action for negligence. In such a cause of action, no cost bond is required.

■ Appellant contends that the cause of action herein is one for negligence. This

argument is not supported by the facts. Where a temporary injunction is not based upon any allegations or proof of negligence, art. 6252–19b has been held inapplicable. Attorney General Opinion No. MW–158 (1980). Article 6252–19b specifically distinguishes a wilful or wrongful act from negligence. In its original pleading, the Post sought "access to the information wrongfully and without justification denied them by defendant." Thus, the statute clearly is not applicable. Appellant's first point of error is overruled.

In appellee's cross-point, it complains that the trial court was bound to fully follow the decision in *Chronicle I* and order the release of the complainant's name in all cases. In our case, the trial court created four categories of cases in which the identification and description of the complainant should be released:

(a) in all cases not under active investigation; (b) in all cases where the complainant is also the victim of the offense committed; (c) in all cases where the identification and description of the complainant is otherwise evident from the other nine categories of information ordered to be produced above; and (d) in all other cases except cases of active investigation in which the Harris County's Sheriff's Department within twenty-four (24) hours of the request applies to a court of competent jurisdiction and asserts in a verified pleading its genuine belief that there is a reasonable likelihood that serious physical harm would occur to the complainant if the complainant's identity or description was revealed to other than law enforcement agencies.

Categories (a) and (d) are already established as exceptions under sec. 3(a)(8) of the Texas Open Records Act, through the opinions of the Attorney General and the cases applying the opinions, *e.g., Ex parte Pruitt,* 551 S.W.2d 706 (Tex.1977); ORD No. 350 (1983); ORD No. 371 (1983). Categories (b) and (c) are apparent and need not be enumerated. Occasions may arise when the release of complainant's identity would be harmful. On those occasions, it would be proper for the Sheriff, within 24 hours of the request, to apply to a court of competent jurisdiction setting out the harm.

■ The court found in *Chronicle II* that "[t]he question of the type of information which is subject to disclosure by reason of the Open Records Act was determined in *Chronicle I.* The passage of time will not change the type of information which must be disclosed." *Chronicle II,* 673 S.W.2d at 321. Because this information has already been found not to be protected by an exception, the trial court should have followed the decision in *Chronicle I.* Appellee's cross-point is sustained.

We accordingly reverse that portion of the trial court's judgment which restricts the release of the complainant's name in only the four enumerated situations. We modify the judgment to require the Sheriff or his duly authorized representative to provide the Post, within three (3) hours after the information is available with the name and description of the complainant in all cases not subject to the statutory exception.

As reversed and modified, the judgment of the trial court is affirmed.