TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00335-CV






University of Texas Law School, Appellant



v.



Texas Legal Foundation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-14411, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







 The University of Texas Law School appeals the trial court's order to disclose certain
information to the Texas Legal Foundation pursuant to the Texas Public Information Act ("the Act"). See
Tex. Gov't Code Ann. §§ 552.001-353 (West 1994 & Supp. 1998). (1) We will reverse the trial court's
judgment and render judgment that the "litigation exception" of the Act authorizes the law school to
withhold the requested information. See id. § 552.103. 


THE CONTROVERSY

 In September 1996, the Law School received a letter requesting the names and addresses
of "white" and "non-preferred minority" applicants who accepted places on a waiting list in 1995 and 1996
but were ultimately denied admission to the Law School. The person requesting the information was an
attorney who had represented parties opposing the Law School and other University of Texas graduate
schools in three previously-filed lawsuits. The lawsuits concerned the constitutionality of the university's
admission policies in recent years. See, e.g., Hopwood v. State of Tex., 78 F.3d 932 (5th Cir.), cert.
denied, 116 S.Ct. 2581 (1996). 

 The Act requires governmental entities to disclose public information unless specifically
excepted by law. See Tex. Gov't Code Ann. §§ 552.021, .101. The Act itself contains many exceptions. 
See id. §§ 552.102-.124. The Law School took the position that the "litigation exception" of the Act
protected the requested information from required disclosure. See id. § 552.103. Pursuant to the Act, the
Law School asked the Attorney General of the State of Texas to issue an opinion on the applicability of
the litigation exception to the requested information. See id. § 552.301. The Attorney General issued a
letter opining that the Law School could withhold the requested names and addresses based on the
"litigation exception." 

 The requesting attorney then filed a petition for a writ of mandamus in district court asking
the court to direct the Law School to allow the Foundation to inspect and copy the requested information. 
See Tex. Gov't Code Ann. § 552.321. The court issued the writ. The court also rendered two separate
sets of findings of fact and conclusions of law. The Law School appeals the judgment in one point of error,
arguing the trial court abused its discretion by granting the writ because the litigation exception protects the
requested information. 


DISCUSSION

 The "litigation exception" allows a governmental entity to withhold information:


(1) relating to litigation of a civil or criminal nature or settlement negotiations, to
which the state or a political subdivision is or may be a party or to which an
officer or employee of the state or a political subdivision, as a consequence of the
person's office or employment, is or may be a party; and

(2) that the attorney general or the attorney of the political subdivision has determined
should be withheld from public disclosure.


Id. § 552.103 (emphasis added). The Attorney General interprets this provision as excepting: (1)
information relating to litigation, (2) that is either pending or reasonably anticipated. E.g., Op. Tex. Att'y
Gen. ORD-647 (1996); see also Heard v. Houston Post Co., 684 S.W.2d 210, 212 (Tex.
App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.).

 The meaning of "reasonably anticipated litigation" has been the subject of many Attorney
General opinions. According to the Attorney General, litigation cannot be reasonably anticipated until
concrete evidence suggests that litigation will ensue. E.g., Op. Tex. Att'y Gen. ORD-452 (1986). 
Because the legislature has charged the Attorney General with rendering an initial decision each time a
governmental entity asserts an exception under the Act, the Attorney General's construction of the Act has
great weight. Heard, 684 S.W.2d at 212. The parties do not urge us to reject the Attorney General's
interpretation of this element of the exception, and we see no reason to do so now.

 The trial court applied the Attorney General's "litigation exception" test and made the
following determinations, which the Law School challenges as an abuse of discretion:

Finding of Fact: The litigation that [the attorney] might bring was reasonably anticipated
by the University of Texas Law School if any individual contacted by [the attorney] as a
result of the open records request responded to [the attorney's] solicitation letter.


Conclusion of Law: The information requested by [the attorney's] open records request
relates to litigation to which the University of Texas Law School would be a party if an
individual responded to [the attorney's] solicitation letter.


Conclusion of Law: The litigation to which the University of Texas Law School would
be a party was reasonably anticipated if facts revealed by the open records request
resulted in an individual responding to [the attorney's] solicitation letter.


Conclusion of Law: Under Section 552.321 of the Government Code, Plaintiff is entitled
to a writ of mandamus directing Defendant to allow Plaintiff to inspect and copy the public
information requested in its September 7, 1996 letter.


 An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal
as any other civil suit. Anderson v. City of Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991). 
Therefore, we do not review the trial court's findings of fact and conclusions of law under the abuse of
discretion standard applicable to mandamus actions originating in appellate courts. Id. at 794 n.2. We
review them in accordance with the standards generally applicable to trial-court findings and conclusions. 
That is, we review findings of fact for legal and factual evidentiary support, id. at 794, and we review
conclusions of law de novo, City of Austin v. Austin Professional Fire Fighters Ass'n, 935 S.W.2d
179, 181 (Tex. App.--Austin 1996), judgment vacated pursuant to settlement, No. 97-0077 (Tex.
1997). 

 We first address the trial court's determination of whether the Law School could
reasonably have anticipated litigation. (2) The trial court apparently concluded that the Law School could not
reasonably have anticipated litigation when it received the attorney's request for information because no
potential plaintiff had yet responded to the attorney's solicitation. This application of the "reasonable
anticipation of litigation" test is too restrictive. The expressed interest of potential plaintiffs is not the only
concrete evidence that might foster a reasonable belief that litigation will ensue. The circumstances
surrounding the attorney's request in this case constitute other concrete evidence that might foster such a
belief. For example, the requesting attorney had filed three lawsuits against the Law School and other
University of Texas graduate schools, challenging their admissions policies, in the years preceding the
request at issue in this case. Most importantly, in his letter requesting the information, the attorney
stated his intent to organize a class-action lawsuit against the Law School. (3) He stated:


I intend to send (in compliance with the applicable State Bar Rules) a letter to the rejected
applicants informing them that, in my opinion, the law school has violated their
constitutional rights, and that I am organizing a class action lawsuit to challenge the
admissions process used by the law school in 1995 and 1996. 


In light of those facts, we hold the Law School could reasonably have anticipated that litigation would
ensue. We disagree with the trial court's conclusion to the contrary. 

 The court also concluded that the requested information did not meet the first element of
the "litigation exception" test. The court determined the information was not "related to" litigation against
the Law School because at the time it was requested, no person had expressed an interest in the attorney's
planned solicitation. Again, we disagree. The information was inherently related to the anticipated litigation;
it identified the entire class of potential plaintiffs.

 The Foundation argues the identity of potential plaintiffs in a class action is not "related to"
the class action, citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The Foundation's
reliance on Oppenheimer is misplaced because that case does not concern the Texas Public Information
Act or the meaning of the words "related to." Oppenheimer discussed the distinction between a federal
rule of discovery and a federal rule concerning the management of class actions. See Fed. R. Civ. P. 23(d),
26(b)(1). The Court in that case determined that the latter rule should be applied to disputes over who
should bear the burden of identifying potential class members. See Oppenheimer, 437 U.S. at 350-54. 
In reaching its decision, the Court reasoned that the identity of potential class members is not information
that falls within the realm of discovery, that is, information "relevant to the subject matter" of the litigation. 
Id. at 353. That is not an issue in this case. Whether information is "relevant to" litigation is different from
whether the information is "related to" the litigation.

 The Act does not define the meaning of the words "related to." In this circumstance, we
construe the words according to common usage. See Tex. Gov't Code Ann. § 311.011 (West 1988). 
Ordinarily, the words "related to" mean "pertaining to," "associated with," or "connected with." See
Webster's Third New International Dictionary 1916 (Philip E. Gove ed. 1986); Black's Law
Dictionary 1288 (6th ed. 1990). This definition is broader than the Foundation asserts. Information can
be related to litigation without being relevant to the substantive issues in the litigation. For that reason,
the trial court erred in concluding the requested information was not related to potential litigation against
the Law School. We hold the names and addresses of potential class members are related to litigation
against the Law School within the meaning of the Texas Public Information Act. Accordingly, we sustain
the Law School's point of error.


CONCLUSION

 We have determined the Law School could reasonably have anticipated litigation in this
case because the requesting attorney plainly stated his intent to use the requested information to solicit
plaintiffs for a lawsuit against the Law School and the same attorney had already participated in several
lawsuits against the Law School, challenging its admissions policies, in the recent past. Furthermore, we
have determined that the requested information was related to the anticipated litigation. Based on those
conclusions, we conclude that the "litigation exception" of the Texas Public Information Act authorizes the
Law School to withhold the requested information at this time. We reverse the judgment of the trial court
and render judgment denying the Foundation's request for a writ of mandamus.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Rendered

Filed: December 18, 1997

Publish
1. The Public Information Act is also known as the Open Records Act.
2. The court made both a finding of fact and a conclusion of law on this issue. Both the finding and
the conclusion say substantially the same thing. Whether litigation is reasonably anticipated is a professional
legal judgment a trial court makes in light of the facts of the case. Cf. Texas Dep't of Mental Health and
Mental Retardation v. Davis, 775 S.W.2d 467, 471 (Tex. App.--Austin 1989, no writ) (discussing issue
in context of discovery work product privilege). We are not bound by the trial court's label of the
determination as a finding of fact. Antrim v. State, 868 S.W.2d 809, 812 (Tex. App.--Austin 1993, no
writ). We, therefore, consider the challenged "finding of fact" to be a conclusion of law and review de novo
both legal conclusions concerning whether the law school reasonably anticipated litigation.
3. We acknowledge that the Act prohibits a governmental agency from inquiring of a requestor the
purpose for which the requestor plans to use the information. See Tex. Gov't Code Ann. § 552.222 (West
Supp. 1998). The law school did not ask the attorney why he wanted the information. The attorney
volunteered his plan when he requested the information. Under these circumstances, we do not consider
the Act to prohibit the law school from considering the purpose of the request in determining whether the
"litigation exception" applies.



fs in a class action is not "related to"
the class action, citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The Foundation's
reliance on Oppenheimer is misplaced because that case does not concern the Texas Public Information
Act or the meaning of the words "related to." Oppenheimer discussed the distinction between a federal
rule of discovery and a federal rule concerning the management of class actions. See Fed. R. Civ. P. 23(d),
26(b)(1). The Court in that case determined that the latter rule should be applied to disputes over who
should bear the burden of identifying potential class members. See Oppenheimer, 437 U.S. at 350-54. 
In reaching its decision, the Court reasoned that the identity of potential class members is not information
that falls within the realm of discovery, that is, information "relevant to the subject matter" of the litigation. 
Id. at 353. That is not an issue in this case. Whether information is "relevant to" litigation is different from
whether the information is "related to" the litigation.

 The Act does not define the meaning of the words "related to." In this circumstance, we
construe the words according to common usage. See Tex. Gov't Code Ann. § 311.011 (West 1988). 
Ordinarily, the words "related to" mean "pertaining to," "associated with," or "connected with." See
Webster's Third New International Dictionary 1916 (Philip E. Gove ed. 1986); Black's Law
Dictionary 1288 (6th ed. 1990). This definition is broader than the Foundation asserts. Information can
be related to litigation without being relevant to the substantive issues in the litigation. For that reason,
the trial court erred in concluding the requested information was not related to potential litigation against
the Law School. We hold the names and addresses of potential class members are related to litigation
against the Law School within the meaning of the Texas Public Information Act. Accordingly, we sustain
the Law School's point of error.


CONCLUSION

 We have determined the Law School could reasonably have anticipated litigation in this
case because the requesting attorney plainly stated his intent to use the requested information to solicit
plaintiffs for a lawsuit against the Law School and the same attorney had already participated in several
lawsuits against the Law School, challenging its admissions policies, in the recent past. Furthermore, we
have determined that the requested information was related to the anticipated litigation. Based on those
conclusions, we conclude that the "litigation exception" of the Texas Public Information Act authorizes the
Law School to withhold the requested information at this time. We reverse the judgment of the trial court
and render judgment denying the Foundation's request for a writ of mandamus.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Rendered

Filed: December 18, 1997

Publish
1. The Public Information Act is also known as the Open Records Act.
2. The court made both a finding of fact and a conclusion of law on this issue. Both the finding and
the conclusion say substantially the same thing. Whether litigation is reasonably anticipated is a professional
legal judgment a trial court makes in light of the facts of the case. Cf. Texas Dep't of Mental Health and
Mental Retardation v. Davis, 775 S.W.2d 467, 471 (Tex. App.--Austin 1989, no writ) (discussing issue
in context of discovery work product privilege). We are not bound by the trial court's label of the
determination as a finding of fact. Antrim v. State, 868 S.W.2d 809, 812