**Kenneth G. HARRIS, in his capacity as Auditor of Crane County, Texas, Appellant,**

v.

**Thomas L. JONES, Appellee.**

**No. 08–98–00390–CV.**

Court of Appeals of Texas, El Paso.

Nov. 30, 1999.

384

James M. O'Leary, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for Appellant.

C.H. Hal Brockett, Jr., Midland, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *O P I N I O N*

RICHARD BARAJAS, Chief Justice.

This is an appeal from an order granting mandamus relief. For the reasons explained below, we reverse and remand with instructions that the trial court withdraw the order granting mandamus and enter an order denying such relief.

## I. *SUMMARY OF THE EVIDENCE*

Tommy Jones was employed as a deputy sheriff for the Crane County Sheriff's Department from February 15, 1985 to December 31, 1992. While he served in that capacity, he accrued 86 days of sick leave. On January 1, 1993, Mr. Jones became the elected sheriff of Crane County. His tenure as sheriff lasted until December 31, 1996. In the summer of 1996, while still serving as sheriff, Mr. Jones sought the approval of the Crane County Commissioners Court for payment of the accrued sick leave. Approval was granted on September 19, 1996. County Treasurer, Gayla Phillips, then wrote a check payable to Mr. Jones. Kenneth G. Harris, the County Auditor, however, refused to co-sign the check when it was presented to him on January 8, 1997.

The Crane County policy that was in effect at the time the commissioners court approved the payment states: "Unused sick leave will not be paid for by county upon termination." This policy changed, however, after the commissioners court ordered the payment to Mr. Jones. The new policy, which became effective on October 1, 1996, prohibits payment of unused sick time except upon retirement It also states: "'Any and all previous personnel policy manuals, implied policies, informal policies, verbal policies and written contracts, whether known or unknown, are hereby rescinded and declared null and void.'"

On April 30, 1997, Mr. Jones filed a Petition for Writ of Mandamus in the district court to compel Mr. Harris to sign the check. The court granted mandamus relief following a hearing on the issue. The Crane County auditor now brings this appeal.[1]

## II. *DISCUSSION*

In her first point of error, Appellant argues that the trial court erred in granting mandamus relief because Appellee had an adequate legal remedy.

### A. Standard of Review

The Texas Supreme Court has recognized that an appeal from a proceeding for a writ of mandamus initiated in the trial court is treated differently from an appeal from a proceeding for a writ of mandamus initiated in a court of appeals. *See Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex.1991). "[W]e do not review the trial court's finding of fact and conclusions of law under the abuse of discretion standard applicable to mandamus actions originating in appellate courts." *University of Texas Law School v. Texas Legal Foundation*, 958 S.W.2d 479, 481 (Tex.App.—Austin 1997, no writ) (citing *Anderson*, 806 S.W.2d at 794 n. 2). Rath-

er, "[w]e review them in accordance with the standards generally applicable to trial-court findings and conclusions. That is, we review findings of fact for legal and factual evidentiary support ... and we review conclusions of law de novo." *Id.* at 481 (citing *Anderson*, 806 S.W.2d at 794; *City of Austin v. Austin Professional Fire Fighters Assn'n*, 935 S.W.2d 179, 181(Tex.App.—Austin 1996), *judgment vacated pursuant to settlement*, No. 97–0077 (Tex.1997)). We note that "[a] determination of factual matters is within the sound discretion of the trial court, and the appellate court may not substitute its judgment for that of the trial court." *Texas Farmers Ins. Co. v. Stem*, 927 S.W.2d 76, 78 (Tex.App.—Waco 1996, no writ) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)). However, we give much less deference to the trial court's legal analysis. *See id.* at 78 (citing *Walker*, 827 S.W.2d at 840). Therefore, "[a] trial court's failure to analyze the law properly or to apply it properly to the facts will constitute an abuse of discretion." *Id.* at 78.

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). An abuse of discretion occurs when the trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839; *Dal–Briar Corp. v. Baskette*, 833 S.W.2d 612, 614 (Tex.App.—El Paso 1992, orig. proceeding). The relator must establish, under the circumstances of the case, that the facts and the law permit the trial court to make but one decision. *Johnson*, 700 S.W.2d at 917; *Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 780, 782 (Tex.App.—El Paso 1993, orig. pro-

1. After mandamus relief was granted, Kenneth Harris resigned from his position as county auditor. Mindy M. Edmiston, the current Crane County Auditor, now brings this

appeal. We assume from the posture of this appeal that Ms. Edmiston has taken the same position as her predecessor with regard to Appellee's entitlement to the funds.

ceeding). When a trial judge exercising an otherwise discretionary authority has but one course to follow and one way to decide, discretionary power is effectively null. *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). Stated conversely, if more than one course of action is open to the trial court, mandamus should not issue.

## B. Adequate remedy at law

■ Appellant argues that mandamus was not appropriate in this case because Appellee had an adequate legal remedy, i.e., he could have brought suit in the district court. We agree.

We find the instant case to be remarkably similar to *Smith v. McCoy*, 533 S.W.2d 457 (Tex.App.—Dallas 1976, writ dism'd), wherein three deputy sheriffs who were temporarily suspended from their employment with the county sought back pay for the suspended period following their reinstatement. Although their claim was approved by the county commissioners court, the county auditor there, as in this case, refused to co-sign the check. The unpaid deputies brought a mandamus action in the district court. After the district court granted mandamus relief, the county auditor appealed. On review, the court, in reversing the trial court, noted that because there were several legal issues calling into question the deputies' entitlement to the funds, "the remedy here is a suit against the county to establish the validity of appellees' claim, rather than an order of mandamus." *Id.* at 461. Similarly, the Crane county auditor, in the instant case, has cited several legitimate legal concerns regarding Appellee's entitlement to the funds, including the new county policy that took effect on October 1, 1996, several months before he was presented with the check.

In the instant case, Appellee argues that mandamus was appropriate because this case falls into the narrow category of cases in which mandamus was upheld on appeal in spite of the availability of an alternative remedy. In support of this proposition, Appellee cites *Smith v. Flack*, 728 S.W.2d 784 (Tex.Crim.App.1987), where the court determined that mandamus was appropriate to compel a county auditor to compensate a court appointed attorney. In making this determination, the court stated: "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Id.* at 792 (citing *Houston & T.C. Ry. Co. v. City of Dallas*, 98 Tex. 396, 84 S.W. 648, 656 (1905); *City of Highland Park v. Dallas Ry. Co.*, 243 S.W. 674, 681 (Tex.Civ. App.—Dallas 1922, writ ref'd)). Appellee argues that "under the circumstances of the case," we should determine that he does not have an adequate alternative remedy.

■ Appellee's reliance on *Smith*, however, is misplaced. In deciding that mandamus was appropriate, the Texas Court of Criminal Appeals emphasized the fact that the attorney's entitlement to the payment was established as a matter of law, and the sole basis for the auditor's refusal to issue the payment was an unauthorized fee schedule which plainly contradicted the method of fee setting as provided by the Government Code. *See id.* at 793. The court also emphasized that bringing suit in the district court was inadequate for public policy reasons: "If relators are forced 'to pursue the circuitous route of a suit in court to establish [their] claim[s], with the expense and delay necessarily incident to such a course[,]' then the important function of court-appointed attorneys in our criminal justice system could be seriously compromised before relief arrives." *Id.* at 793 (citing *Chrestman v. Tompkins*, 5 S.W.2d 257, 262 (Tex.Civ.App.—Dallas, 1928, writ ref'd)). Here, Appellee has neither demonstrated such a clear entitlement to the funds nor put forth a convincing policy argument. Therefore, we find that this case does not fit within the narrow

exception to the rule established in *Smith v. McCoy*, 533 S.W.2d 457 (Tex.Civ.App.—Dallas 1976, writ dism'd). Thus, we hold that when a county auditor refuses to co-sign a check due to legitimate legal concerns regarding the proposed payee's legal entitlement to the funds, the proper remedy is to file suit in the district court. Therefore, we find that the trial court erred in granting mandamus relief.

We reverse the order of the trial court and remand with instructions that the trial court withdraw its order granting mandamus relief and enter an order denying Appellee's application for writ of mandamus.