ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 22, 2008

The Honorable Joe Driver
Chair, Committee on Law Enforcement
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0673

Re: Whether Government Code chapter 552, the Public Information Act, prohibits the disclosure of a vehicle identification number if the number is not accompanied by or identified with any personal information about any individual (RQ-0704-GA)

Dear Representative Driver:

You ask:

> Under section 552.130(a) of the PIA [Public Information Act], may a governmental body publicly disclose a manufacturer's permanent vehicle identification number ("VIN"), if the VIN is not accompanied by or identified with any personal information about any individual?[1]

A VIN, a series of letters and numbers assigned by a manufacturer to a motor vehicle to identify it, is located inside the passenger compartment but readable from outside of the vehicle. *See* 49 C.F.R. §§ 565.3(o), 565.4(f), 565.13(f) (2007). Its purpose is to identify vehicles. *Id.* § 565.1.

The PIA, Government Code chapter 552, provides in section 552.021 that public information in the custody of a governmental body "is available to the public at a minimum during the normal business hours of the governmental body." TEX. GOV'T CODE ANN. § 552.021 (Vernon 2004). Certain categories of information are expressly excepted from required disclosure to the public, including the information described by Government Code section 552.130:

> (a) Information is excepted from the requirements of Section 552.021 if the information relates to:
>
> (1) a motor vehicle operator's or driver's license or permit issued by an agency of this state;

---

[1]Letter from Honorable Joe Driver, Chair, Committee on Law Enforcement, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Apr. 24, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

> (2) a motor vehicle title or registration issued by an agency of this state; or
>
> (3) a personal identification document issued by an agency of this state or a local agency authorized to issue an identification document.
>
> (b)   Information described by Subsection (a) may be released only if, and in the manner, authorized by Chapter 730, Transportation Code.

*Id.* § 552.130.

We find no judicial decision, attorney general opinion, or open records decision of this office addressing your question. Informal letter rulings issued by the Open Records Division of this office have determined in particular circumstances that VINs must be withheld under section 552.130(a)(2) as information that "relates to a motor vehicle title or registration issued by an agency of this state." *See* Tex. Att'y Gen. OR2007-00066, at 2, OR2004-0610, at 1; *but see* Tex. Att'y Gen. OR2008-06797, at 2 (VIN from Louisiana document may not be withheld pursuant to section 552.130). However, informal letter rulings apply only to the specific documents and circumstances surrounding them, and they are not considered precedent by this office.[2] Accordingly, we treat your question as raising a novel question of law.

Section 552.130(a) excepts from public disclosure "information [that] relates to" the following instruments issued by an agency of the state: (1) a motor vehicle operator's license or permit; (2) a motor vehicle title or registration; or (3) a personal identification document.[3] TEX. GOV'T CODE ANN. § 552.130(a) (Vernon 2004). Section 552.130 was adopted by a bill "relating to the release and use of certain personal information from motor vehicle records." *See* Act of May 29, 1997, 75th Leg., R.S., ch. 1187, §§ 1, 4, 1997 Tex. Gen. Laws 4575, 4580 (title). The legal question here is whether a VIN, severed from any information you describe as "personal," *relates to* the instruments listed in section 552.130(a) such that the VIN would be excepted from required public disclosure.

---

[2]*See* policy statement on informal letter rulings at http://www.oag.state.tx.us/open/index_orl.php (last visited Oct. 22, 2008).

[3]Neither section 552.130 nor Transportation Code chapter 730, the Motor Vehicle Records Disclosure Act, expressly refers to VINs. *See* TEX. TRANSP. CODE ANN. §§ 730.001–.016 (Vernon 1999 & Supp. 2008). However, VINs must be included on motor vehicle certificates of title issued by the Department of Transportation under Transportation Code chapter 501, the Certificate of Title Act. *See id.* § 501.021(a)(4) (Vernon 2007). VINs must also be included on applications to register a new vehicle. *See id.* § 502.151(b)(6). The registration sticker placed on the vehicle's windshield displays the partial VIN. *See* TEXAS DEPARTMENT OF TRANSPORTATION, VEHICLE REGISTRATION STICKER, *available at* http://www.txdot.gov/services/vehicle_titles_and_registration/registration_sticker.htm (last visited Oct. 22, 2008).

"Ordinarily, the words 'related to' mean 'pertaining to,' 'associated with,' or 'connected with.'" *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 483 (Tex. App.—Austin 1997, no pet.) (quoting Webster's Third International Dictionary 1916 (3d ed. 1986)). The term "related to" has at times been construed broadly. *See id.* at 481, 483 (construing the term "information relating to litigation" in Government Code section 552.103). However, you are inquiring about VINs that have been separated from any personal information or identifying information in the documents listed in section 552.130(a). In that case, the "relationship" has been severed, and the VIN number does not relate to a motor vehicle title or registration and, as such, is not subject to section 552.130. Further, we find no other law requiring a governmental body to withhold a VIN that is completely severed and isolated from any other identifying information. We conclude that Government Code section 552.130 does not prohibit a governmental body from publicly disclosing a manufacturer's permanent VIN if the VIN is not accompanied by personal information about any individual and does not identify any individual.[4]

---

[4]You asked a second question, contingent on a conclusion that Government Code section 552.130 prohibits a governmental body from disclosing a VIN that is not accompanied by or identified with any personal information about any individual. *See* Request Letter, *supra* note 1, at 2. In view of our answer to your first question, we need not answer your second question.

## S U M M A R Y

Government Code section 552.130(a) does not prohibit a governmental body from publicly disclosing a manufacturer's permanent vehicle identification number ("VIN"), if the VIN is not accompanied by or identified with any personal information about any individual.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee