August 12, 2011

The Honorable Barbara Cargill
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0876

Re: Construction of section 7.103(c), Education Code, regarding the eligibility of a registered lobbyist for membership on the State Board of Education (RQ-0948-GA)

Dear Ms. Cargill:

Your predecessor wrote seeking guidance on subsection 7.103(c), Education Code, as it relates to a person's eligibility to serve on the State Board of Education ("Board").[1] She asked many questions that we are not able to resolve. For instance, many fact-based scenarios were presented along with questions about subsection 7.103(c)'s applicability to each of them. *See* Request Letter at 1–4. The opinion committee is not authorized to investigate allegations of illegal conduct, nor does it have the capacity to resolve disputed questions of fact. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); JM-813 (1987) at 2 (recognizing that this office is not in a position to determine whether a criminal violation has occurred). Instead, the role of the opinion committee is to advise authorized requesters about purely legal questions. *See* Tex. Att'y Gen. Op. No. JM-1098 (1989) at 3 (stating that "Attorney General Opinions address specific legal questions"). Because this office does not consider, nor does it have the ability to resolve, disputed fact questions in attorney general opinions, we cannot answer the specific questions about the applicability of subsection 7.103(c) in particular circumstances. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1 ("This office does not resolve questions of fact in the opinion process."); *accord* Tex. Att'y Gen. Op. Nos. JC-0336 (2001) at 5, MW-292 (1981) at 1. We can, however, address the legal underpinnings of those questions by construing subsection 7.103(c).

The primary objective in statutory construction is to give effect to the Legislature's intent. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Courts rely on the plain meaning of the statute's text unless a different meaning is supplied by the Legislature or context. *See id.*; TEX. GOV'T CODE ANN. § 311.011(a)–(b) (West 2005). Courts also presume the Legislature intended a reasonable result and avoid construing a statute in ways that lead

---

[1]*See* Letter from Honorable Gail Lowe, Chair, State Board of Education, to Honorable Greg Abbott, Attorney General of Texas at 1 (Mar. 2, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

to foolish or absurd consequences. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 321 (Tex. 2009) (citation omitted).

Subsection 7.103(c) provides that

> [a] person who is required to register as a lobbyist under Chapter 305, Government Code, by virtue of the person's activities for compensation in or on behalf of a profession, business, or association related to the operation of the board, may not serve as a member of the board or act as general counsel to the board.

TEX. EDUC. CODE ANN. § 7.103(c) (West 2006). By its express terms, subsection 7.103(c) applies to a person who is required to register as a lobbyist under chapter 305, Government Code. *See id.* Relevant here, chapter 305 generally provides that registration is required[2] of someone who receives or is eligible to receive compensation or reimbursement of more than a threshold amount and within a specified time frame "from another person to communicate directly with a member of the legislative or executive branch to influence legislation or administrative action." TEX. GOV'T CODE ANN. § 305.003(a)(2) (West Supp. 2010). Because of subsection 7.103(c)'s express reference to chapter 305's registration requirement, we construe its language requiring a person to register as a lobbyist "by virtue of the person's activities for compensation" to refer to those persons, not otherwise excepted, who are compensated or who are eligible to be compensated or reimbursed as specified by the statute, by another person for communicating directly with members of the legislative or executive branch to influence legislation or administrative action.

Subsection 7.103(c), however, does not preclude all persons who are required to register under chapter 305 from being eligible to serve on the Board. *Compare* TEX. EDUC. CODE ANN. § 7.103(c) (West 2006), *with* TEX. GOV'T CODE ANN. § 571.0231 (West 2004) (prohibiting without condition all persons required to register as lobbyist from serving on the Texas Ethics Commission), *and* TEX. NAT. RES. CODE ANN. § 81.01013(c) (West 2011) (prohibiting without condition all persons required to register as a lobbyist from serving as general counsel to the Texas Railroad Commission). Rather, subsection 7.103(c) reaches only those persons required to register as lobbyists who perform their lobbying activities—communicating with the two branches to influence legislation or administrative action—"in or on behalf of a profession, business, or association related to the operation of the board." TEX. EDUC. CODE ANN. § 7.103(c) (West 2006). The phrase "related to the operation of the board" is not defined in Texas statutes or judicial opinions, and thus we look to the common meaning of its terms. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635; TEX. GOV'T CODE ANN. § 311.011(a)–(b) (West 2005).

---

[2]Chapter 305 also expressly excepts specified persons from its registration requirement. *See generally* TEX. GOV'T CODE ANN. § 305.004(1)–(7) (West 2005) (excepting, among others, persons who own, publish, or are employed by a newspaper, persons whose direct communication is in an appearance before or testimony to members of the legislative or executive branches, persons communicating with a member of the two branches on behalf of a political party).

In common usage "related to" means "pertaining to," "associated with," or "connected with." *See* Tex. Att'y Gen. Op. No. GA-0673 (2008) at 3 (citing *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 483 (Tex. App.—Austin 1997, no pet.) (citation omitted); *see also E.I. Du Pont de Nemours & Co. v. Shell Oil Co.*, 259 S.W.3d 800, 806 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (defining "related to" to mean to "have reference to" or "concern" (citation omitted)). The term "operation" is commonly defined to mean "a doing or performing action; work; a deed." *Pan Am. Ins. Co. v. Cooper Butane Co.*, 300 S.W.2d 651, 654–55 (Tex. 1957) (defining the term according to its "usual and accepted meaning" and recognizing the term can be a synonym with the word "work"). Under these common definitions, "related to the operation of the board" can be construed to mean to pertain to or be associated or connected with the action, work, or deeds of the Board. Considering this phrase in conjunction with the specific activities for which a person must register as a lobbyist under chapter 305, we thus construe subsection 7.103(c) to refer to a person whose direct communications, for compensation, with the legislative or executive branch to influence legislation or administrative action are undertaken in or on behalf of a profession, business, or association on a matter that pertains to or is associated or connected with the action, work, or deeds of the Board.

The Education Code prescribes the powers and duties of the Board. *See* TEX. EDUC. CODE ANN. §§ 7.102(b) (West 2006) ("The board has the powers and duties provided by Subsection (c), which shall be carried out with the advice and assistance of the commissioner."); 7.102(c)(1)–(34) (listing the myriad powers and duties of the board). We will not opine on the full scope of the work the Board may perform, but we believe at the very least that the express list of powers and duties given to the Board by the Legislature constitutes the action, work, or deeds of the Board.

In sum, we conclude that a person who is required to register as a lobbyist by virtue of being retained to communicate directly with the legislative or executive branch to influence legislation or administrative action in or on behalf of a profession, business, or association on a matter that pertains to or is associated or connected with any of the statutorily enumerated powers or duties of the Board is not eligible to serve on the Board. To paraphrase, a registered lobbyist who has been paid to lobby the legislative or executive branch on a matter relating to Board business is ineligible to serve on the Board. The question of whether a person is ineligible under this construction of subsection 7.103(c) is a fact question that is inappropriate to an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1 ("This office does not resolve questions of fact in the opinion process.").

The final question presents a purely legal issue that we can address: Whether a member of the Board may cure a violation of subsection 7.103(c). *See* Request Letter at 4. There is no language in subsection 7.103(c) to indicate any legislative intent to authorize a person who is ineligible to serve on the Board to cure a violation. *See* TEX. EDUC. CODE ANN. § 7.103(c) (West 2006). The absence of such a mechanism in the statute is not illogical given a presumption that a person who is ineligible for Board service is not serving on the Board. *Cf. Hernandez*, 289 S.W.2d at 321 (recognizing that Courts avoid construing a statute in ways that lead to foolish or absurd consequences). Accordingly, we cannot advise that a member of the Board may cure his or her ineligibility under subsection 7.103(c).

## S U M M A R Y

Subsection 7.103(c), Texas Education Code, precludes certain registered lobbyists from serving on the State Board of Education ("Board"). A person who has been retained to communicate directly with the legislative or executive branch to influence legislation or administrative action in or on behalf of a profession, business, or association on a matter that pertains to or is associated or connected with any of the statutorily enumerated powers or duties of the Board is not eligible to serve on the Board. Thus, a registered lobbyist who has been paid to lobby the legislative or executive branch on a matter relating to Board business is ineligible to serve on the Board. The question of whether any person engaged in lobbying activity is ineligible under subsection 7.103(c) is a fact question that is inappropriate to an attorney general opinion.

Absent a mechanism to cure a violation in subsection 7.103(c), we cannot advise that a member of the Board may cure his or her ineligibility under the subsection.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee