IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00060-CV

 

Robert Walter Bonner,

                                                                                    Appellant

 v.

 

City of Burleson Texas,

                                                                                    Appellee

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. C201000638

 



DISSENTING Opinion










 

In this proceeding, Robert Walter
Bonner, the appellant, is acting as his own counsel.  This is not Bonner’s
first rodeo.  He has also appeared in this Court in the following proceedings: 
10-09-00120-CR, Bonner v. State (represented by counsel in the appeal of
his criminal conviction; issues in his criminal appeal included 20 allegations
of ineffective assistance of counsel, some of which were directed to the
document sought to be disclosed in this proceeding), 10-10-00011-CV, In the
Matter of the Marriage of Bonner (private divorce; Bonner representing
himself on appeal), and 10-10-00383-CR, Bonner v. State (appeal of post
conviction pro se petition to disclose grand jury testimony; Bonner
representing himself on appeal).  

The Summary
Judgment Issue

In this proceeding, Bonner argues that
the trial court erred in granting the City of Burleson’s motion for summary
judgment.  Even after Bonner was notified by the City’s brief that the trial
court did not grant the City’s motion for summary judgment, Bonner stayed with
the same issue and did not request to supplement his brief with a new issue or
otherwise amend his brief.  The only issue presented by the appellant is
immaterial because the trial court did not grant the City’s motion for summary
judgment.  I would, therefore, overrule Bonner’s issue and affirm the trial
court’s judgment.

The Plea to the
Jurisdiction

Notwithstanding the briefing deficiency
that was drawn to his attention but remains uncorrected, and if I were to give Bonner’s
trial court pleadings and his appellate briefing a more expansive reading, some
would say a broad interpretation, I could not, as the Court does, hold that the
issue of standing raised by the City is not properly a jurisdictional issue in
this case.  

Under the very broadest of
interpretations, this is an appeal of a plea to the jurisdiction granted
against Bonner.  The underlying proceeding is a bit unusual.  It is a mandamus
proceeding brought under a specific provision of the Government Code.  Bonner
alleges the City of Burleson has failed to comply with the Texas Public
Information Act.  See Tex. Gov’t
Code Ann. Ch. 552 (West 2004 and Supp. 2010).

To attorneys and judges who have not
dealt with this type proceeding before, it may be helpful to discuss the nature
of the proceeding in the trial court and its differences from the typical
mandamus proceeding that an appeals court deals with.  This is an appeal of the
mandamus action which was initiated in the trial court.  An action for a writ
of mandamus initiated in the trial court is a civil action subject to appeal as
any other civil suit.  See Anderson v. City of Seven Points, 806 S.W.2d
791, 792 n.1 (Tex. 1991); Simmons v. Kuzmich, 166 S.W.3d 342, 345 (Tex.
App.—Fort Worth 2005, no pet.); Harris v. Jones, 8 S.W.3d 383, 385 (Tex.
App.—El Paso 1999, no pet.); Dallas Area Rapid Transit v. Dallas Morning
News, 4 S.W.3d 469, 473 (Tex. App.—Dallas 1999, no pet.); Univ. of Tex.
Law Sch. v. Tex. Legal Found., 958 S.W.2d 479, 481 (Tex. App.—Austin 1997,
no pet.).  

If relevant to the appeal, we would
review the trial court's findings of fact and conclusions of law in accordance
with the standards generally applicable to a trial court's findings and
conclusions.  See Anderson, 806 S.W.2d at 794 n.2; Simmons, 166
S.W.3d at 345-346; Dallas Area Rapid Transit, 4 S.W.3d at 473; Tex.
Legal Found., 958 S.W.2d at 481.  That is, we review findings of fact for
legal and factual evidentiary support, and we review conclusions of law de
novo.  Simmons, 166 S.W.3d at 346; Dallas Area Rapid Transit, 4
S.W.3d at 473; Tex. Legal Found., 958 S.W.2d at 481.  We do not apply
the abuse of discretion standard applicable to mandamus actions that originate
in our appellate courts.  Simmons, 166 S.W.3d at 346; Harris, 8
S.W.3d at 385.

Thus, these mandamus proceedings under
the Texas Public Information Act are basically like regular lawsuits but are
purely creatures of the statute that authorizes the suit and only to that
extent is sovereign immunity waived.  The statute is designed to compel
compliance with a specific request for information.  

In this case, the primary request for
public information that is being addressed is a request submitted by email on
May 5, 2008 from a sender identified only as “Texas Brat.”  I will address that
specific request and the standing issue first.  In discussing this issue, I
will first ignore Bonner’s allegation that Texas Brat was a person hired by his
family as a private investigator and was thus his agent in making the request. 
Only after addressing the Texas Brat in isolation will I discuss the slight
modification of the analysis if Texas Brat is Bonner’s agent.  I will then
address the jurisdictional issue of the three other Texas Public Information
Act requests Bonner made.

Texas Brat

There was no way for the City to have
known that Texas Brat was an agent of Bonner, as he alleged in his suit for writ
of mandamus, when the request was made by Texas Brat.  As discussed above, I
will address the “agent of Bonner” aspect of the request in a moment.  But
first I must directly address the issue of whether Bonner has standing to bring
a mandamus petition to compel the City to respond to a request made by Texas
Brat.  Texas Brat, as the person that made the request, i.e. the
“requestor,” is the only person who would have standing to complain about the
City’s alleged failure to comply with the Texas Public Information Act.  See
Tex. Gov’t Code Ann. §§
552.003(6) and 552.321(a) (West 2004).  Texas Brat is the only “requestor” that
can assert that he/she made a request and that the City failed to comply with
the request.  Id.

In this regard, there are two important
comparisons to be made to more traditional litigation.  First, it is only an
aggrieved or injured party that can bring a lawsuit.  In regard to the May 5,
2008 request from Texas Brat, only Texas Brat has a complaint about the City’s
alleged failure to comply with the Act.  Thus, only Texas Brat is considered
the “requestor” for purposes of the statute.  Second, the process of first
making a request for the disclosure of information is the equivalent of an
administrative remedy that must be exhausted before the person seeking the
information may proceed to file the mandamus petition.  See Subaru of
Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002) (“Typically,
if an agency has exclusive jurisdiction, a party must exhaust all
administrative remedies before seeking judicial review of the agency's action.  Until
then, the trial court lacks subject matter jurisdiction and must dismiss the
claims within the agency's exclusive jurisdiction.”  (citation omitted)).

And it is critical to establish the
identity of the requestor because compliance with other provisions of the Act
requires communication with the requestor.  Specifically, when the governmental
body requests an Attorney General opinion, the governmental body must provide
to the “requestor” a written statement and a copy of the communication to the
Attorney General.  Tex. Gov’t Code Ann.
§ 552.301(d)(1)and (2) (West Supp. 2010).  Further, when the Attorney General renders
its opinion, a copy must be provided to the “requestor.”  Id. § 552.306(b). 
It is not enough that somebody in the universe made the request to then
authorize another individual to bring the mandamus petition; it is necessary
that a person must have made the request before that person is entitled to
bring the petition.  Without this requirement and implicit limitation of
standing to the “requestor,” how would the City or the Attorney General be able
to otherwise comply with their communication requirements under the statute?

Further, it is also fundamentally
necessary to establish the identity of the requestor, not only for
communication purposes, but also because the statute authorizes only the
requestor or the Attorney General to pursue the mandamus suit and then, only if
an Attorney General opinion is not requested.  Id. § 552.321(a) (West
2004).  So, as noted above, there is no way for the governmental body or the Attorney
General to comply with the other duties of the Texas Public Information Act by
communicating with anyone other than the requestor.  And the provision that
Bonner relies upon to bring the mandamus suit for the City’s alleged failure to
provide access to the information authorizes the proceeding only “if the
governmental body refuses to request an attorney general’s decision….”  Id.


The fundamental problem that strict
recognition of the standing requirement solves is, in fact, presented in this
proceeding.  Both the governmental body and the Attorney General complied with
their Texas Public Information Act duties by communicating to the requestor as
identified and made known to them, Texas Brat, not to Bonner.  Thus, when
attempting to bring this proceeding, Bonner, a mere interloper at that point,
was unaware that the Attorney General opinion that had been requested had
actually issued and that, therefore, the mandamus proceeding was not authorized
by the statute.[1]

Thus, based on the forgoing, because the
May 5, 2008 request was made by Texas Brat, Texas Brat is the requestor and is
the only person, other than the Attorney General, that could have standing to
bring the mandamus.  Further, even as to Texas Brat, the trial court does not
have jurisdiction of the suit because the mandamus proceeding is only
authorized if the governmental entity does not request an Attorney General
opinion.  In the facts as alleged by Bonner, he recognizes that a request for
an Attorney General opinion was made.  Therefore, he affirmatively pled facts
which conclusively negate jurisdiction.

Texas Brat – Bonner’s Agent

We next must take up the issue that
Bonner asserts he has standing as the requestor because, based upon his
allegations which we must take as true in an appeal from a plea to the
jurisdiction, Texas Brat is his agent (although not his attorney).  Based on
this allegation, as the principal, Bonner is bound by the actions of the City
of Burleson in response to Texas Brat’s request.  As noted above, the City
requested an Attorney General opinion in response to the request of Texas
Brat/Bonner.  The City having requested an Attorney General opinion, the
requestor, Texas Brat/Bonner, has no authority under section 552.321 to bring a
suit for writ of mandamus.  Thus, the trial court did not err in dismissing the
suit for writ of mandamus brought by Texas Brat/Bonner. 

Estrada Distinguished

The Court and Texas Brat/Bonner rely on Estrada
for the proposition that a plea to the jurisdiction is not the proper
procedural vehicle to challenge standing as a requestor.  City of Houston v.
Estrada, No. 14-08-00900-CV, 2009 Tex. App. LEXIS 1970 (Tex. App.—Houston
[14th Dist.] March 26, 2009, no pet.) (mem. op.).  I respectfully disagree.  In
Estrada there was the allegation that the individuals signing the
request were employees of the law firm identified in the mandamus proceeding. 
But all the requests at issue in the Estrada appeal were submitted on
the law firm’s letterhead.  The petitioner asserted that the signatories on the
letterhead were agents for the law firm, and thus, the law firm was the
requestor.  To the extent of the agency allegations on appeal and whether that
makes the law firm the requestor, the reader must remember that the requests
were made on the law firm letter head; and thus, the City of Houston was not
faced with the same issue that the City of Burleson faces in this proceeding. 
The agency relationship was clearly implied in or by the form of the request. 
In this proceeding, however, the City of Burleson had no way of knowing the
agency relationship between Texas Brat and Bonner.  Additionally, and much more
important for the distinction from Estrada, Burleson requested an Attorney
General opinion defeating the ability of Texas Brat or its principal, Bonner, to
use the procedural vehicle of a suit for a writ of mandamus.  Further, to the
extent that Estrada discusses the “status” as a requestor, it appears to
be more of a question of capacity than standing which is a rather common area
of confusion.  See Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848-849
(Tex. 2005) (discussing the difference between standing and capacity and
discussing the confusion between the two concepts).

Inmate Request for Public Information –
Three Requests

I now turn my attention to whether a
suit for writ of mandamus is available to an inmate.  I believe that any fair
reading of the statute would be that it is not.

Bonner’s petition identifies three other
requests for information he submitted at various times to various persons
within the City.  In each of these, on the face of the request, he identified
himself as being incarcerated.  And it is undisputed that, at all times
relevant to the requests for information and during the course of this
proceeding, Bonner has been, is, and will remain for some time in the future,
incarcerated.  See Bonner v. State, No. 10-09-00120-CR, 2010 Tex.
App. LEXIS 7440 (Tex. App.—Waco Sept. 8, 2010, pet. ref’d) (mem. op.).  Because
Bonner is an inmate in a correctional facility, governmental bodies, including
the City of Burleson, need not accept or comply with a request for information
from Bonner or an agent of Bonner other than his attorney.  Tex. Gov’t Code Ann. § 552.028(a) and (c)
(West 2004).  The issue thus presented in the Court’s expanded construction of
this proceeding is whether a trial court has jurisdiction of a suit for writ of
mandamus under section 553.321 brought by an incarcerated person.

This requires us to look to the
statutory scheme as a whole and determine if the waiver of sovereign immunity
provided for by section 552.321 is limited by another provision of the same Act. 
It must be remembered that we are construing a waiver of sovereign immunity and
such waiver must be clear and unambiguous.  See Wichita Falls State Hosp. v.
Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  A mandamus proceeding, even in
this context, is to compel the governmental body to comply with a ministerial
act, the disclosure of public information.  But not every request must be acted
upon by the governmental body.  Specifically, as noted above, the governmental
body is not required to accept or comply with a request for information from an
incarcerated person.  To allow an incarcerated person to present a request for
information and then to bring a suit for a writ of mandamus against the
governmental body when the governmental body has no duty or obligation to
accept or comply with the request in the first instance would be an absurd
result.[2] 
I believe that the proper construction of the Act as a whole is that section 552.028
is a limitation on the waiver of sovereign immunity otherwise provided by section
552.321.  If it is construed otherwise, it would require the governmental body
to respond to a suit for failing to respond to a request that it had a
statutory right to ignore.

Conclusion

Jurisdiction is never presumed.  See
Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443-444
(Tex. 1993).  We are to affirm a trial court’s judgment if it is correct on any
theory of law supported by the case.  See In re W.E.R., 669 S.W.2d 716,
717 (Tex. 1984).  Because Bonner only asserts that the trial court erred in
granting the City’s summary judgment, when the trial court did not grant the
City’s summary judgment, I would overrule his sole issue and affirm the trial
court.  If I were to proceed to the issues as framed and addressed by the Court
regarding the propriety of the trial court’s dismissal for lack of jurisdiction,
I would also affirm the trial court’s judgment.  Accordingly, I respectfully
dissent to the reversal of the trial court’s judgment and the remand of this
proceeding.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
Opinion issued and filed August 31, 2011









[1]
The Attorney General opinion
determined the Burleson Police Department report sought by Bonner is protected
by Tex. Gov’t Code Ann. § 552.101
(West 2004) under Tex. Fam. Code Ann.
§ 261.201(a) (West Supp. 2010).  The protection of the document under that
statue has been determined to be constitutional.  See Doe v. Tarrant
County Dist. Attorney's Office, 269 S.W.3d 147 (Tex. App.—Fort Worth 2008,
no pet.).  Bonner is not deprived of the document due to his status as an
inmate.  Even before the City and the Attorney General knew Texas Brat may have
been an agent for an inmate, they determined the document sought was exempt
from disclosure.





[2]
At the very least, it would mean
there is no realistic chance of success in such a proceeding and it should be
dismissed as frivolous.  Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2) (West 2002); Hickman v. Moya,
976 S.W.2d 360 (Tex. App.—Waco 1998, pet. denied).  This particular proceeding
could also have been dismissed because Bonner failed to file the affidavit
relating to previous filings.  Tex. Civ.
Prac. & Rem. Code Ann. §14.004 (West 2002).