# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00089-CV

**Envoy Medical Systems, L.L.C. and Independent Review Incorporated, Appellants**

**v.**

**State of Texas; Greg Abbott, Attorney General of Texas;[1] and Jose Montemayor, Insurance Commissioner of Texas, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GN101596, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

### O P I N I O N

Appellants Envoy Medical Systems, L.L.C. and Independent Review Incorporated appeal from the trial court=s judgment against them in their suit to exempt certain records from disclosure under the Public Information Act. *See* Tex. Gov=t Code Ann. '' 552.001-.353 (West 1994 & Supp. 2003) (hereafter, APIA ' ___@). We will affirm the trial court=s judgment.

**Factual and Procedural Background**

---

[1] We have substituted the current attorney general as the appropriate party. *See* Tex. R. App. P. 7.2(a).

This case originated with a request for information furnished to the Texas Department of Insurance (Athe Department@) in connection with appellants= applications for certification as Independent Review Organizations (AIRO@). IROs were created to consider appeals of adverse determinations of medical necessity made by utilization review agents.[2] A utilization review agent is the entity that reviews whether a particular medical or service benefit will be provided to employees covered under a health benefit plan provided by their employer. The Attorney General issued a decision holding that the information at issue could not be withheld. Tex. Att=y Gen. ORD-535 (2001). Appellants then sued to challenge the attorney general=s opinion and requested injunctive relief to prevent disclosure of the disputed information.[3] The information to which access was disputed at trial is a list of reviewers, reviewer contracts, and reviewer compensation terms.[4] In two issues on appeal, appellants contend that the trial court abused its discretion in failing to find the information at issue was not subject to public disclosure because it was Aconfidential by law@ and by failing to conclude that the information was excepted from public disclosure under the exception for certain commercial or financial information. *See* PIA **'** 552.101, .110(b).

---

[2] Act of May 8, 1997, 75th Leg., R.S., ch. 163, **'** 8, 1997 Tex. Gen. Laws 322-24 (codified at Tex. Ins. Code Ann. art. 21.58C (West Supp. 2003)).

[3] The parties agreed not to disclose the information until all appeals were exhausted.

[4] The information sought did not include the name of a reviewer performing a specific review.

**Discussion**

Appellate review of a trial court order granting or denying a permanent injunction is strictly limited to a determination whether the trial court has committed a clear abuse of discretion. *Risk Managers Int=l v. State*, 858 S.W.2d 567, 569-70 (Tex. App.CAustin 1993, writ denied). A clear abuse of discretion in denying injunctive relief arises only when the trial court=s decision is not supported by some evidence of substantial and probative character. *GTE Mobilnet of S. Tex. Ltd. P=ship v. Pascouet*, 61 S.W.3d 599, 620 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).

*Public Information Act*

AThe Open Records [now Public Information] Act=s core provision provides that the public is entitled to information >collected, assembled, or maintained by a governmental body.=@ *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996); *Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.CAustin 2001, no pet.) (quoting *Holmes*). Public information may not be withheld except as expressly provided by the Act. *See Houston Chronicle Publ=g Co. v. City of Houston*, 531 S.W.2d 177, 184 (Tex. App.CHouston [14th Dist.] 1975), *writ ref=d n.r.e.*, 536 S.W.2d 559 (Tex. 1976). The PIA forcefully articulates a policy of open government. *A & T Consultants v. Sharp*, 904 S.W.2d 668, 675 (Tex. 1995).

The PIA mandates that the act Ashall be liberally construed in favor of granting a request for information.@ PIA ' 552.001(b); *see also City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157. Exceptions to disclosure should be construed narrowly. *See Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157-58 (citing *City of Garland*, 22

3

S.W.3d at 364).  As parties seeking to withhold information from the public, appellants have the burden to prove that an exception to disclosure applies to the information at issue.  *Birnbaum v. Alliance of Am. Insurers*, 994 S.W.2d 766, 779-80 (Tex. App.CAustin 1999, pet. denied).

An entity seeking certification as an IRO must provide Aa description of personnel and credentialing, and a completed profile for each physician and provider.@ 28 Tex. Admin. Code ' 12.103(4) (West 2002).  Appellants contend that this information is made confidential by rule:

(a)  An independent review organization shall preserve the confidentiality of individual medical records, personal information, and any proprietary information provided by payors.  Personal information shall include, at a minimum, name, address, telephone number, social security number and financial information.

(b)  An independent review organization may not disclose or publish individual medical records or other confidential information about a patient without the prior written consent of the patient or as otherwise required by law.  An independent review organization may provide confidential information to a third party under contract or affiliated with the independent review organization for the sole purpose of performing or assisting with independent review.  Information provided to third parties shall remain confidential.

(c)  The *independent review organization may not publish* data which identify a particular payor, physician or provider, including any quality review studies or performance tracking data, without prior written consent of the involved payor, physician or provider.  This prohibition does not apply to internal systems or reports used by the independent review organization.

(d)-(i)  [Procedures for maintaining confidentiality]

*Id.* ' 12.208 (emphasis added).  This section implements the statutory mandate that requires that IROs must ensure the confidentiality of medical records transmitted to it for its use in performing an independent review.  *See* Tex. Ins. Code Ann. art. 21.58C ' 2(b)(2) (West Supp. 2003).

**4**

In their first issue, appellants argues that the use of the word Aphysician@ in 12.208(c) means that the rule makes confidential the names of members of its review panels who are physicians. The agency, on the other hand, contends that physician must be read in light of the statute and the entire rule, which is intended to make confidential the information provided *to* the IRO for purposes of performing its review, not the information provided *by* the IRO to the Department as part of its application process.

An administrative agency has the power to interpret its own rules and that interpretation is entitled to deference by a court called on to interpret or apply such rules. *Texas Gen. Indem. Co. v. Texas Workers= Comp. Comm=n*, 36 S.W.3d 635, 641 (Tex. App.C Austin 2000, no pet.); *see also Tennessee Gas Pipeline Co. v. Rylander*, 80 S.W.3d 200, 203 (Tex. App.C Austin 2002 pet. denied) (greater deference given to interpretation that is longstanding and applied uniformly). An agency=s construction of its rule is entitled to great weight unless it is plainly erroneous or inconsistent. *Texas Gen. Indemnity*, 36 S.W.3d at 641. We consider the rule as a whole and in relationship to the statute which it implements. *Tennessee Gas Pipeline*, 80 S.W.3d at 205. Finally, an agency may not by rule make information confidential contrary to the PIA. *See Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 677 (Tex. 1976) (agency may not bring information within exception for confidential information by promulgation of rule).

According to testimony from the director of the relevant division, the Department has consistently interpreted the rule as protecting the name of the patient=s treating physician furnished *to* the IRO. The word Aphysician@ appears in a listing with two other entities involved in furnishing care to the patient; again, information furnished to the IRO for the review process. Finally, this section of the rule states

**5**

that the *IRO* may not publish certain information given to it in order for it to perform its review; it does not

refer to information furnished by the IRO to the Department.[5]  We overrule the first issue.

*Commercial or Financial Information Exception*

In their second issue, appellants argue that the information at issue is excepted from

disclosure under the provisions concerning commercial or financial information:

> Commercial or financial information for which it is demonstrated based on *specific factual evidence* that disclosure would cause substantial competitive harm to the person from whom the information was obtained is excepted from the requirements of Section 552.021.

PIA ' 552.110(b) (emphasis added).  This section is a fact-specific exemption for information that is found

to be a trade secret or privileged and confidential commercial or financial information.  *Birnbaum,* 994

S.W.2d at 779-80.  It is not a categorical exemption for a specific kind of information or document.  *Id.*

Appellants=representatives stated their opinion that release of the information would harm

their operations.  Appellants offered no specific evidence that the three IROs currently certified actually

compete with each other.  Nor did they introduce evidence that access by a competitor to the desired

information could yield a competitive advantage in light of the fact that the IRO process is not structured to

be competitive.  Reviews are assigned on a rotating basis (with provisions to avoid conflicts of interest).

*See* Tex. Admin. Code ' 12.502 (West 2002).  Fees for the reviews are set by the Department of

---

[5]  The names of the individuals performing the review were not requested. These names are maintained in the IRO=s files and are not furnished to the Department.

Insurance. *Id*. ' 12.403. Appellants= main concern seemed to be that if reviewers had their names revealed, their employer, such as an HMO, might take retaliatory action. However, that concern does not implicate action from a competitor. There was a concern that if the names of the review panel members were released, the third IRO could somehow solicit them away. However, the third IRO was already certified and in order to have qualified as an IRO, had to have had panel members in place. The court characterized much of the testimony offered as conclusory. The offered evidence does not rise to the level of specificity required by the statute. *See* PIA ' 552.110(b). We overrule the second issue.

## Conclusion

We conclude that appellants did not meet their burden to bring themselves within any exception in the Public Information Act that would prevent disclosure of the information and have overruled both of appellants= issues presented. We affirm the trial court=s judgment.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: March 27, 2003

7