Chief Teri SIMMONS, Chief of Police
of the Town of Double Oak,
Texas, Appellant,

v.

Stephen KUZMICH, Appellee.

No. 2–03–193–CV.

Court of Appeals of Texas,
Fort Worth.

May 19, 2005.

Nichols, Jackson, Dillard, Hager & Smith, L.L.P., David M. Berman, Dallas, TX, for Appellant.

Kuzmich Law Firm, Jonathan M. Bailey and Stephen Howard, Lewisville, TX, for Appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Teri Simmons, the Chief of Police for the Town of Double Oak, Texas, appeals the trial court's grant of a writ of mandamus in favor of appellee Stephen Kuzmich that compels Chief Simmons to produce specified records and information to Kuzmich pursuant to the Texas Public Information Act (TPIA), formerly known as the Open Records Act. *See* TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 2004). We modify the trial court's judgment to delete the award of attorneys' fees and affirm the judgment as modified.

### Background

Kuzmich requested that Chief Simmons produce to him certain information that was collected by the Double Oak Police Department and the Texas Alcoholic Beverage Commission (TABC) during an investigation of a head-on collision that occurred in Double Oak in April 2003. The drivers of both vehicles were killed, and two passengers were injured. Kuzmich, an attorney, represents the family of one of the drivers in the civil litigation relating to the accident.

Kuzmich made his public disclosure request for the documents relating to the accident to Chief Simmons on May 20, 2003 in accordance with the TPIA. *See id.* §§ 552.021, 552.221. When Chief Simmons received the request, she forwarded it to the Town's attorney, who in turn requested an opinion from the Texas Attorney General's office on whether the Town was required to release the requested information. The Town's request to the attorney general was timely under the TPIA, but its written notification of the request to Kuzmich was not. Although Chief Simmons called Kuzmich and told him Double Oak was seeking an attorney general opinion, the Town failed to send Kuzmich a copy of its written request within ten days as required by the TPIA. *See id.* § 552.221(d).

Because Kuzmich had not heard from Double Oak in writing, he sent a follow-up request for production to Chief Simmons on June 5, 2003. On June 13, in response, Double Oak sent Kuzmich a copy of its request for an attorney general opinion. Ultimately, in its opinion, the attorney general determined that Double Oak could withhold the requested information because it was exempt from disclosure under section 552.108(a)(1) and (b)(1) of the TPIA that allows a governmental body to withhold information or internal records held or maintained by a law enforcement agency if release of the information would interfere with the detection, investigation, or prosecution of crime. *See id.* § 552.108(a)(1), (b)(1); Tex. Att'y Gen. ORD–4326 (2003). In light of the attorney general's opinion, Chief Simmons refused to release the requested information regarding the investigation, claiming that the records were exempt from disclosure under the TPIA because they were law enforcement documents relating to an ongoing criminal investigation by Double Oak and the TABC.

On June 16, 2003, Kuzmich filed a petition for writ of mandamus in the trial court to compel production of the requested documents under the TPIA. The trial court held an evidentiary hearing and ruled that the release of the requested materials and documents would not interfere with the detection, investigation, or prosecution of crime and granted Kuzmich's writ of mandamus petition. Chief Simmons appealed.

## Issues Presented

In four issues, Chief Simmons challenges the trial court's grant of the writ of mandamus, claiming primarily that the trial court abused its discretion in granting the writ of mandamus because the requested records are law enforcement records that are exempt from disclosure under the TPIA. Additionally, she claims that mandamus relief is unavailable for failure to give notice under the TPIA and that the trial court erred in granting Kuzmich attorneys' fees.

## Standard of Review

■■■ Importantly, we must recognize the procedural posture of this case; this is an *appeal* in a mandamus action initiated in the trial court. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal as any other civil suit. *Id.* at 792 n. 1; *Harris v. Jones*, 8 S.W.3d 383, 385 (Tex.App.-El Paso 1999, no pet.); *Dallas Area Rapid Transit v. Dallas Morning News*, 4 S.W.3d 469, 473 (Tex. App.-Dallas 1999, no pet.); *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex.App.-Austin 1997, no pet.). We therefore review the trial court's findings of fact and conclusions of law in accordance with the standards generally applicable to a trial court's findings

and conclusions. *Anderson*, 806 S.W.2d at 794 n. 2; *Dallas Area Rapid Transit*, 4 S.W.3d at 473; *Tex. Legal Found.*, 958 S.W.2d at 481. That is, we review findings of fact for legal and factual evidentiary support, and we review conclusions of law de novo. *Dallas Area Rapid Transit*, 4 S.W.3d at 473; *Tex. Legal Found.*, 958 S.W.2d at 481. We do not apply the abuse of discretion standard applicable to mandamus actions that originate in our appellate courts. *Harris*, 8 S.W.3d at 385.

■ Interpreting statutes is a legal matter, subject to de novo review. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex.2002); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). The overriding goal of statutory interpretation is to determine the legislature's intent. *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex.2002). To ascertain legislative intent, we first look to the plain and common meaning of the words used by the legislature. *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 529 (Tex.2002); *Harris County Bail Bond Bd. v. Pruett*, No. 01–02–01043–CV, 2005 WL 568060, at *3 (Tex. App.-Houston [1st Dist.] Mar. 10, 2005, pet. filed) (op. on reh'g); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). Determining whether an exception to disclosure applies under the TPIA is a question of law. *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 323 (Tex.App.-Austin 2002, no pet.).

### The TPIA

The TPIA requires public disclosure of government documents and information upon request. TEX. GOV'T CODE ANN. §§ 552.021, 552.221. Public information includes information that is "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." *Id.* § 552.002(a). There are, however, exceptions to disclosure. *See id.* §§ 552.101–.142.

The law enforcement and investigation exception relied upon by Chief Simmons allows a law enforcement agency to deny disclosure if release of the information would interfere with the detection, investigation, or prosecution of crime. *Id.* § 552.108(a)(1), (b)(1). However, to assert an exception under the TPIA, the governmental agency must timely request an attorney general's opinion concerning the applicability of such an exception to disclosure. *Id.* § 552.301(a). The agency must also notify the requestor of its decision to seek the opinion and provide the requestor with a copy of the written communication to the attorney general, all within ten business days of receiving the request. *Id.* § 552.301(b), (d). Without such a request, notice, and resulting opinion, the information requested is presumed to be subject to disclosure and must be released. *Id.* § 552.302.

■ Because Chief Simmons failed to timely provide Kuzmich with notice of the Town's request for an attorney general opinion, the information Kuzmich requested is presumed to be subject to disclosure unless Chief Simmons shows some compelling reason to withhold the information. *See id.* Further, the TPIA directs us to liberally construe its provisions in favor of disclosure and to narrowly interpret its exceptions to disclosure. *Id.* § 552.001(b); *Envoy Med. Sys., L.L.C. v. State*, 108 S.W.3d 333, 336 (Tex.App.-Austin 2003, no pet.); *City of San Antonio v. San Antonio Express–News*, 47 S.W.3d 556, 561–62 (Tex.App.-San Antonio 2000, pet. denied). "Unlike the FOIA [Federal Freedom of Information Act], our Act contains a strong statement of public policy favoring

public access to governmental information and a statutory mandate to construe the Act to implement that policy and to construe it in favor of granting a request for information." *City of Garland,* 22 S.W.3d at 364.

The TPIA provides a statutory remedy of mandamus to a requestor when the governmental body "refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C." TEX. GOV'T CODE ANN. § 552.321(a) (footnotes omitted).

## Discussion

### Availability of Mandamus Relief Under the TPIA

In her third issue, Chief Simmons contends that the trial court erred in granting mandamus relief to Kuzmich because that relief is not available against a governing body whose sole failure is to not timely provide the statutory notice to a requestor that it is seeking an opinion from the attorney general on its claim to an exception from disclosure under the TPIA. She contends that mandamus relief is only available to a requestor of information if the governmental entity wanting to refuse the request fails to timely seek an attorney general opinion, not if it fails to let the requestor know that it is seeking an attorney general opinion. We address this issue as a preliminary matter because it is potentially dispositive of her appeal.

As stated above, section 552.321(a) of the statute specifically states that a requestor may file suit for "a writ of mandamus compelling a governmental body to

make information available for public inspection if the governmental body refuses to request an attorney general's decision *as provided by Subchapter G." Id.* (emphasis added). Basically, Chief Simmons contends that since she timely requested an attorney general opinion, mandamus relief is not available to Kuzmich. The statute, however, says the governing body must request the "attorney general's decision *as provided by Subchapter G." Id.* (emphasis added). Subchapter G of the code, entitled "Attorney General Decisions," includes sections 552.301 through 552.308. *Id.* §§ 552.301–.308. Section 552.301(d), the provision at issue here, was enacted in 1999[1] and requires the governmental body to timely provide notice to the requestor within the ten day period that it is seeking an attorney general opinion regarding withholding the information, not just that it timely seek the attorney general opinion. *Id.* § 552.301(d).

In *Dominguez v. Gilbert,* the Austin Court of Appeals observed that the pre–1999 statute required a governmental agency to timely request an attorney general opinion to take advantage of the statutory exception to disclosure but that notice of the request to the requestor was not required. 48 S.W.3d 789, 792 (Tex.App.-Austin 2001, no pet.). Further, the court noted that the pre–1999 statute allowed both the requestor and the agency to seek declaratory relief on claims of exceptions from disclosure as well as mandamus relief. *Id.* at 796.

In *Thomas v. Cornyn,* the Austin Court of Appeals was faced with the issue of whether statutory mandamus relief is an available remedy to a requestor when the governing body has not complied with the TPIA. 71 S.W.3d 473, 481–82 (Tex.App.-

---

1. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1319, §§ 20, 37, 1999 Tex. Gen. Laws 4500, 4509, 4514.

Austin 2002, no pet.). There, the court specifically held that all the requestor had to show was noncompliance with the TPIA to be entitled to the statutory mandamus relief called for by the TPIA. *Id.* at 484. This holding conformed to its prior holding in *Texas Department of Public Safety v. Gilbreath* where it observed that the predecessor statutory provision created a "*statutory* writ of mandamus under which a requesting party need only show that the governmental body has not complied with the Act in order to obtain mandamus [relief]." 842 S.W.2d 408, 413 (Tex.App.-Austin 1992, no writ).

■ The discussions in these cases were based on the law as it existed before the enactment of section 552.301(d). Because the statute now contains a timely-notice-to-the-requestor requirement in Subchapter G, it is reasonable for us to conclude that failure to timely give the notice to the requestor likewise now authorizes mandamus relief. *See* TEX. GOV'T CODE ANN. §§ 552.301(d), 552.321(a). We believe the statute is clear, and we hold that a trial court has the authority to grant mandamus relief when an agency refuses to timely request an attorney general opinion, when the agency refuses to supply public information in accordance with the TPIA, and also when the agency fails to timely notify the requestor of its decision to seek an attorney general opinion. *See id.; Thomas,* 71 S.W.3d at 481–82. Once the requesting party shows that the governmental body has not complied with the TPIA, the statutory mandamus relief provided for by the statute is available to the requestor. *Thomas,* 71 S.W.3d at 484.

■ In accordance with the *Thomas* opinion and the *Gilbreath* opinion, we further hold that the requestor does not need to also meet additional elements required in common law mandamus actions but needs to show only that the TPIA has not been complied with and that the requested disclosure has not been made. *Id.; Gilbreath,* 842 S.W.2d at 413–14. Both parties have agreed that the disclosure has not been made and that Chief Simmons failed to timely give Kuzmich the written notice required under the TPIA. Thus, Kuzmich was entitled to seek the relief by mandamus. We overrule Chief Simmons's third issue and now turn to the merits of her claim to an exception from disclosure to review whether the mandamus relief was appropriately granted by the trial court.

### The Law Enforcement Exception to Disclosure

In Chief Simmons's second issue, she contends that the trial court abused its discretion by granting the disclosure because the records requested are excepted from disclosure.[2] Specifically, she contends that the records are excepted because they are information and internal records held by a law enforcement agency and their release would interfere with the detection, investigation, or prosecution of crime. *See* TEX. GOV'T CODE ANN. § 552.108(a)(1), (b)(1). She contends that this alone is a "compelling reason" sufficient to prevent disclosure.

■ The TPIA mandates that we liberally construe the Act in favor of granting a request and that exceptions to disclosure be construed narrowly. *Envoy Med. Sys.,* 108 S.W.3d at 336. Necessarily, the party seeking to withhold the information has the burden of proof in the trial court to prove the exception from disclosure and presumably must comply with the steps mandated by the statute to seek and pre-

---

**2.** Although Chief Simmons refers us to the abuse of discretion standard, we apply the standards previously discussed in evaluating the trial court's grant of mandamus relief.

serve such an exception from disclosure. *See id.*

In *Dallas Area Rapid Transit (DART)*, the Dallas Court of Appeals concluded that DART's failure to timely request an attorney general opinion regarding a similar exception to disclosure—the litigation exception—was tantamount to a waiver of the government's right to assert the exception to disclosure. 4 S.W.3d at 474. Although the *DART* case relates to the failure to timely seek the attorney general opinion as opposed to timely notifying the requestor that the agency is seeking an attorney general opinion, as in this case, we believe the same result is appropriate in this case. Additionally, since the *DART* opinion was handed down, the very provision in controversy here was added to the TPIA: that the failure to timely provide the requestor with the appropriate notification results in a presumption in favor of public disclosure and that the information "must be released unless there is a *compelling reason to withhold* the information." TEX. GOV'T CODE ANN. § 552.302 (emphasis added). Thus, we conclude and hold that failure to timely notify the requestor of the agency's request for an attorney general opinion regarding application of an exception results in a presumption that the information is subject to disclosure to the public. *See id.* Consequently, Kuzmich was entitled to mandamus relief unless Chief Simmons could overcome the presumption by showing a compelling reason sufficient to prevent disclosure.[3]

Chief Simmons further contends that even if the trial court appropriately applied this presumption, it erroneously required a "compelling reason to withhold the information." In support of her argument she points to a Fort Worth Court of Appeals opinion that had previously rejected requiring "compelling" reasons to overcome the disclosure presumption. *See Hart v. Gossum*, 995 S.W.2d 958, 962 (Tex. App.-Fort Worth 1999, no pet.). However, that opinion was handed down before September 1, 1999, the effective date of the most recent amendment that added the language requiring an agency to come forward with a "compelling reason" to withhold the information to overcome the presumption in favor of disclosure when the governmental body fails to timely request the attorney general opinion *OR when the governmental body fails to timely notify the requestor of its attorney general request and provide the required information.*[4] That section states,

> If a governmental body does not request an attorney general decision as provided by *Section 552.301 and provide the requestor with the information required by Section 552.301(d)*, the information requested in writing is presumed to be subject to required public disclosure *and must be released unless there is a compelling reason to withhold the information.*

TEX. GOV'T CODE ANN. § 552.302 (emphasis added). The amendment to section 552.302 directly resolves the split in authority among the intermediate appellate courts that we addressed in the *Gossum* opinion. Thus, our prior *Gossum* opinion

---

3. We do not say that failure to properly give notice automatically results in disclosure as the dissent suggests; it results in a presumption in the requestor's favor that disclosure is appropriate, but the withholding party retains the right to challenge that presumption. *See id.*

4. See Act of May 25, 1999, 76th Leg., R.S., ch. 1319, §§ 22, 37, 1999 Tex. Gen. Laws 4500, 4509, 4514 (current version at TEX. GOV'T CODE ANN. § 552.302 (Vernon 2004)).

is not controlling precedent because the portion of the statute at issue here—the presumption of public disclosure for failure to notify the requestor of the attorney general request wording requiring a "compelling reason" to overcome that presumption—was added after our *Gossum* opinion. Therefore, we conclude and hold that in order to overcome the presumption of public disclosure that applies when a governmental agency fails to either timely request the attorney general opinion or timely notify the requestor that is doing so, the agency is required to prove that it has a compelling reason to withhold the information. *See id.*

■ Finally, despite Chief Simmons's arguments to the contrary, by her own admission she failed to come forward with evidence of a "compelling reason",to withhold the information to overcome the presumption in favor of disclosure. Chief Simmons's sole basis to support her claim that the information should not be disclosed was that the required information would jeopardize an ongoing criminal investigation for criminally negligent homicide. However, the current version of the statute requires the governmental body to also articulate a "compelling reason to withhold the information." *Id.* It is not enough to merely show that there is an ongoing criminal investigation; the governmental body must also show that its claimed exception to disclosure falls within one of the statutory exceptions to disclosure *and* how that exception creates a compelling reason to withhold the information.

In her brief Chief Simmons states, "It was incumbent on Appellant only to show that the law enforcement records related to an investigation that did not result in conviction or deferred adjudication." Because Chief Simmons concedes that this is all she showed, we conclude that the trial court correctly determined that she failed to meet her burden to show a compelling reason to withhold the information sufficient to overcome the presumption in favor of disclosure. Thus, the trial court correctly concluded that disclosure was appropriate and properly granted Kuzmich mandamus relief. Chief Simmons's second issue is overruled.

## Attorneys' Fees

■ In Chief Simmons's fourth issue she complains the trial court erroneously awarded Kuzmich his attorneys' fees. Primarily she contends that the award of attorneys' fees is incorrect because she should have prevailed on the merits of the mandamus action. Regardless, she also contends that the trial court abused its discretion in awarding the fees because she correctly argued that the information fell within the law enforcement exception to disclosure as evidenced by the subsequent attorney general opinion she obtained in her favor. Further, she argues that since Kuzmich was represented by his own firm, he was not entitled to an award of attorneys' fees. In other words, Chief Simmons contends Kuzmich simply did not incur attorneys' fees. With this latter contention, we must agree.

Kuzmich's testimony provides a complete admission that neither his associate nor his firm were contemplating payment of attorneys' fees in connection with representing him in this matter. On cross-examination, Kuzmich admits that neither he nor anyone from his office is billing for time spent representing him or incurring fees and that he has only "lost some time in the office." Based upon this testimony, we must agree there was no evidence to support the award of attorneys' fees. We sustain Chief Simmons's fourth issue.

### Insufficient Notice of Hearing and Failure to Grant Chief Simmons's Continuance

In Chief Simmons's first issue, she complains that the trial court erred in setting the writ of mandamus for trial on the merits on only three days' notice to her. She contends that the show cause order served on her did not give her sufficient notice of the hearing and that she should have been granted a continuance. While she concedes that she failed to comply with both rule 251 and rule 252 of the rules of civil procedure regarding continuances, she argues that she was denied due process of law, justifying her lack of compliance. *See* Tex.R. Civ. P. 251, 252. She also contends she was entitled to forty-five days' notice under rule 245 of the rules of procedure. *See* Tex.R. Civ. P. 245.

The record shows that the petition for writ of mandamus was filed on June 13, 2003; that the hearing was originally scheduled for June 24, 2003 and then reset to June 26; that Chief Simmons filed no motion requesting a second continuance of the June 26 hearing; and that she appeared at the June 26 hearing, announced "ready," and raised no objection to a lack of sufficient notice of the rescheduled hearing.

In order to preserve a complaint on appeal, one must preserve the error by bringing it to the trial court's attention or it is waived. Tex.R.App. P. 33.1(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g). As noted by Kuzmich, if a party fails to object to a lack of notice of a hearing and participates in such hearing, the issue is waived. *See In re Marriage of Parker,* 20 S.W.3d 812, 818

(Tex.App.-Texarkana 2000, no pet.); *S.W. Country Enters. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493 (Tex.App.-Fort Worth 1999, pet. denied). Here, the initially scheduled hearing was continued until two days later, but Chief Simmons never objected to the rescheduled date and also participated in the hearing without objection. Thus, she has waived this complaint on appeal. Chief Simmons's first issue is overruled.

### Conclusion

Having determined that the evidence is insufficient to support the attorneys' fees award, we modify the judgment to delete the award of attorneys' fees to Kuzmich. Because we have overruled Chief Simmons's other three issues, we affirm the judgment in Kuzmich's favor as modified.

CAYCE, C.J. filed a dissenting opinion.

JOHN CAYCE, Chief Justice, dissenting.

I respectfully dissent. Double Oak Chief of Police Teri Simmons met her burden of proving a compelling reason to withhold the requested information under section 552.302 of the Texas Government Code by producing evidence that the release of the privileged information would interfere with the detection, investigation, or prosecution of crime.[1] The majority's holding that the information is subject to public disclosure merely due to Simmons's "blunder" in missing the ten-day notice requirements of section 552.301 exalts form over substance, and may interfere with and hamper an ongoing criminal investigation.[2]

---

1. *See* Tex. Gov't Code Ann. § 552.302 (Vernon 2004).

2. *See id.* § 552.301(b), (d); *Hobson v. Moore,* 734 S.W.2d 340, 341 (Tex.1987) (Gonzalez, J., concurring & dissenting) (orig.proceeding)

(when weighing competing interests between releasing privileged information on the basis of a procedural technicality versus noninterference with an ongoing criminal investiga-

At the trial court hearing on Stephen Kuzmich's petition for writ of mandamus, two law enforcement officers, Simmons and Agent Beth Gray of the Texas Alcoholic Beverage Commission, testified that a criminal investigation was ongoing and that the release of the requested information would interfere with this investigation. This testimony was corroborated by Double Oak's attorney, David M. Berman, in a letter requesting an attorney general opinion where Berman stated that public disclosure of the requested information could allow the target of the investigation to evade prosecution by destroying or secreting inculpatory evidence. In addition, the trial court had before it the written opinion of the Attorney General of Texas holding that the requested information is privileged and exempt from disclosure under section 552.108(a)(1)[3] of the Texas Public Information Act.[4]

I believe this uncontroverted evidence is sufficient to establish a compelling reason for withholding the requested information and to rebut the presumption that the information is subject to public disclosure. I would, therefore, hold that the trial court abused its discretion by ruling that the information must be disclosed and by awarding Kuzmich his attorneys' fees under section 552.323(a).[5]

tion, "the better rule is that we give priority to protecting ongoing criminal investigations").

3. Tex. Gov't Code Ann. § 552.108(a)(1).

4. *See City of Houston v. Houston Chronicle Publ'g Co.,* 673 S.W.2d 316, 322 (Tex.App.-Houston [1st Dist.] 1984, no writ) ("While the

opinions of the Attorney General construing the Open Records Act are not binding upon the courts, they should be given great weight.").

5. *See* Tex. Gov't Code Ann. § 552.323(a).