NUMBER 13-06-573-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 


SAMUEL T. JACKSON, 
Appellant,


v.
 


TEXAS DEPARTMENT OF PUBLIC SAFETY

AND THOMAS A. DAVIS, JR., IN HIS

OFFICIAL CAPACITY AS DIRECTOR,

TEXAS DEPARTMENT OF PUBLIC SAFETY, 
Appellees.

 
 


On appeal from 250th District Court 

of Travis County, Texas.


 
 


OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Opinion by Justice Vela



I. Introduction Appellant, Samuel T. Jackson, appeals from the trial court's order granting
summary judgment in favor of appellee, the Texas Department of Public Safety (DPS),
and Thomas A. Davis, director of DPS. On appeal, Jackson contends that the trial
court erred in granting DPS's motion for summary judgment because: (1) the requested
records were public information and DPS failed to timely request an attorney general
opinion; (2) the exceptions to disclosure raised by DPS were inapplicable to information
contained in the records; and (3) the ground upon which the summary judgment
motion was granted was not pleaded or argued in DPS's motion. We affirm. 

II. Statement of Facts

 This case involves a trial court order denying Jackson access to documents
garnered in conjunction with Texas's "Failure to Appear Program" (FTA). See generally
Tex. Trans. Code Ann. §§ 706.001-.012 (Vernon 1999 & Supp. 2006). Under these
sections, the DPS can deny renewal of a driver's license for failure to appear based on
a complaint or citation, or failure to pay or satisfy a judgment ordering the payment of
a fine and costs involving an offense described by Section 706.002(a) of the
Transportation Code. Id. § 706.004 (Vernon 2006). Under the authority of section
706.008, the DPS contracted with OmniBase Services of Texas (Omni) to implement
the FTA program. (1) The contract provided that all data applicable to the denial of
renewal of a driver's license was the property of DPS. 

 On June 6, 2005, Jackson requested that DPS disclose to him copies of the
most recent annual reports prepared by each Justice of the Peace in Travis County
pursuant to section 706.007 of the Texas Transportation Code. Id. § 706.007
(Vernon Supp. 2006). Jackson requested DPS to disclose the names and addresses
of each defendant; the style, cause number, date of the judgment or other disposition;
and the date and amount of each fee charged and each payment. On June 14, 2005,
DPS notified Jackson that neither the DPS, nor Omni, had access to the requested
records and provided contact information to assist Jackson in gaining access.

 On July 18, 2005, Jackson made a second request to DPS for records of all
drivers in Texas who participated in the FTA from January 2003 through the present. 
Specifically, he requested: (1) the name of the political subdivision submitting the
clearance report; (2) the name, date of birth, address, and telephone number of the
driver; (3) the date of the original underlying citation; (4) the date of the failure to
appear violation; (5) the date of the clearance report; (6) whether or not a fee was
required; and (7) the amount of administrative fees that were paid. DPS responded on
August 1, 2005, stating that it was prohibited by law from disclosing the requested
information. On February 10, 2006, DPS made an untimely request for an attorney
general opinion regarding the propriety of Jackson's request. The attorney general
later opined that the information sought could not be disclosed. Tex. Atty. Gen. 
ORD2006-03879 (2006).

 Jackson filed suit against DPS urging his entitlement to the requested
information. DPS filed a motion for summary judgment on May 3, 2006. In its
motion, the department argued that: (1) section 552.130 of the Transportation Code
prohibits DPS from releasing the requested information; (2) section 521.051 of the
Transportation Code prohibits DPS from releasing the requested information; and (3)
the attorney general already held that DPS may not provide the requested information,
which makes this information unavailable as a matter of law. 

 On May 23, 2006, Jackson filed his response and his own motion for summary
judgment. In his response and motion, Jackson argued the following: (1) the FTA
information is public information as a matter of law; (2) he is entitled to the requested
information as a matter of law; (3) DPS's claim that the requested information is
excepted from disclosure is incorrect as a matter of law; and (4) section 521.051 of
the Transportation Code does not except the requested information from disclosure. 
The trial court granted DPS's motion for summary judgment on June 2, 2006. 
Jackson appeals. 

III. Applicable Law

A. Texas Public Information Act

 The Texas Public Information Act ("TPIA" or "the Act") requires disclosure of
public documents and information upon request to a governmental entity. Tex. Gov't
Code Ann. §§ 552.021, 552.221 (Vernon 2004); Simmons v. Kuzmich, 166 S.W.3d
342, 346 (Tex. App.-Fort Worth 2005, no pet.). Information is considered public, if
it is "collected, assembled, or maintained under a law or ordinance or in connection
with the transaction of official business: (1) by a governmental body; or (2) for a
governmental body and the governmental body owns the information or has a right of
access to it." Tex. Gov't Code Ann. § 552.002(a) (Vernon 2004). 

 The TPIA excepts certain categories of information from the statutory disclosure
requirement. See id. §§ 552.101-136 (Vernon 2004 & Supp. 2006); City of Garland
v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex. 2000). To assert an exception
under the TPIA, a party must make a timely request for an attorney general's opinion
to determine the applicability of such an exception to disclosure. Tex. Gov't Code
Ann. § 552.301(a); Simmons, 166 S.W.3d at 346. If the party fails to make such
request, the information is presumed to be subject to disclosure, unless the party
shows a compelling reason to withhold the information. Tex. Gov't Code Ann. §
552.302 (Vernon Supp. 2006); Simmons, 166 S.W.3d at 346. The TPIA directs the
courts to liberally construe its provisions in favor of disclosure and to narrowly
interpret the exceptions to disclosure. Simmons, 166 S.W.3d at 346; Envoy Med.
Sys., L.L.C. v. State, 108 S.W.3d 333, 336 (Tex. App.-Austin 2003, no pet.); City
of San Antonio v. San Antonio Express-News, 47 S.W.3d 556, 561-2 (Tex. App.-San
Antonio 2000, pet. denied). Under the TPIA, determining whether an exception to
disclosure applies is a question of law. Simmons, 166 S.W.3d at 346. 

B. Standard of Review for Summary Judgment

 The standard of review for summary judgment is well established. The movant
has the burden to establish that there are no material issues of fact. Tex. R. Civ. P.
166a©); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999); Mercier v.
Southwestern Bell Yellow Pages, Inc., 214 S.W.3d 770, 773 (Tex. App.-Corpus
Christi 2007, no pet.). In deciding if there is a disputed material fact precluding
summary judgment, evidence favorable to the non-movant will be taken as true, every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215
(Tex. 2003). A matter is conclusively established if reasonable people could not differ
as to the conclusions to be drawn from the evidence. City of Keller v. Wilson, 168
S.W.3d 802, 823-25 (Tex. 2005). 

 When both parties move for summary judgment, and the trial court grants one
motion and denies the other, we will review both parties' summary judgment evidence
and determine all questions that are presented. FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000). The court should render the judgment that
the trial court should have rendered. Garland, 22 S.W.3d at 356. If the trial court did
not state the specific grounds for its grant of summary judgment, we may affirm the
trial court's ruling if any of the theories presented in the motion for summary judgment
are meritorious. Id.; Mercier, 214 S.W.3d at 773. 

IV. Discussion of Issues

A. Exceptions to Disclosure and Compelling Reasons

 By issue one, Jackson makes three arguments: (1) the trial court erred in
denying his motion for summary judgment because the requested documents were
public information; (2) DPS failed to identify a valid statutory exception or to request
an attorney general opinion; and (3) DPS did not demonstrate a compelling reason for
nondisclosure. DPS contends that it has established the existence of compelling
reasons for nondisclosure.

 When a government agency considers requested information exempt from public
disclosure, and no previous determination on the particular subject has been made, the
TPIA requires the agency to timely request an attorney general's opinion regarding the
subject matter in question. See Tex. Gov't Code Ann. § 552.301; Garland, 22
S.W.3d at 356. Pursuant to section 552.302 of the Texas Government Code, if a
government body fails to make a timely request for an attorney general decision "the
information requested in writing is presumed to be subject to required public disclosure
and must be released unless there is a compelling reason to withhold the information." 
See Tex. Gov't Code Ann. § 552.302; Garland, 22 S.W.3d at 356. Both parties agree
that the request for the attorney general's opinion was not timely. However, an
agency may overcome the presumption by showing that there is a compelling reason
to withhold the information. Simmons, 166 S.W.3d at 350. 

 Although there is no pertinent case law showing what constitutes a "compelling
reason" for disclosure, Texas Attorney General Opinions have consistently explained
that "a compelling reason exists when third-party interests are at stake or when
information is confidential under other law." Tex. Atty. Gen. Op. OR2007-08326
(citing Open Records Decision No. 150 (1977)). Although an attorney general opinion
is not binding on this court, it is given due consideration, especially in cases involving
the Open Records Act. Pack v. Crossroads, Inc., 53 S.W.3d 492, 504 (Tex.
App.-Fort Worth 2001, pet. denied).

 DPS urges that Section 521.051 of the Transportation Code provides a
compelling reason for non disclosure. Information such as names, addresses, and
dates of birth are prohibited from disclosure by section 521.051 of the Transportation
Code, which states:

 The department may not disclose class-type listings from the basic
driver's license record file to any person except as provided by Section
521.049(c), regardless of whether the requestor is eligible to receive
information under Chapter 730.


Tex. Trans. Code. Ann. § 521.051 (Vernon 2007) 

 Here, Jackson requested a list of the drivers who received FTA clearances over
a specified period of time. The information sought by Jackson included the date of
birth, address, and telephone number of the driver as well as the underlying citation,
failure to appear violation, the date of the clearance report, whether a fee was required
and the amount of the administrative fees paid. In this case, the attorney general
opined that section 521.051 of the Transportation Code provided a compelling reason
for nondisclosure under section 552.302 of the Texas Government Code. Several
open records opinions have looked at information similar to that requested here and
found them exempt from disclosure. 

 For instance, a list of 25 holders of commercial driver's licenses who have the
most violations on their driving records was exempt as a class- type listing. See Tex.
Att'y Gen. ORD-5176(2002). Likewise, a list of all drivers who had to provide proof
of financial responsibility from an insurance carrier to prevent suspension of their
drivers' licenses was exempt from disclosure as a class-type listing. See Tex. Att'y
Gen. ORD-9802 (2004). A list of persons required to pay a surcharge for a DWI
conviction was a class type listing that may not be disclosed. See Tex. Att'y Gen.
ORD-00364 (2005). Additionally, a list of the names and addresses of Bexar County
residents who faced suspensions of drivers' licenses was a class typing listing. See
Tex. Att'y Gen. ORD-8882 (2003). We find that, as a matter of law, the information
sought in this case was a class-type listing. Section 521.051 prohibits the release of
the information requested by Jackson. As such, the Department satisfied its burden
to show a compelling reason for non-disclosure of the requested information.

C. Sufficiency of "compelling reasons"

 Jackson also argues that DPS must identify an exception to disclosure rather
than demonstrate a compelling reason for nondisclosure. He contends that DPS's
"compelling reasons" argument is unavailable pursuant to section 552.302 of the
Texas Government Code. In his motion for summary judgment, Jackson argued that
because DPS failed to make a timely request for an attorney general opinion, "it must
articulate a compelling reason to withhold the information from disclosure. However,
Jackson now poses a contrary argument that DPS's "compelling reasons" argument
is unavailable pursuant to section 552.302 of the Government Code, because DPS did
request an attorney general opinion. 

 Section 552.302 is applicable when the "governmental body does not request
an attorney general decision as provided by Section 552.301 . . ." See Tex. Gov't
Code Ann. § 552.302 (Vernon Supp. 2006). Section 552.301(b) states that the
request for the attorney general's opinion must be timely, more specifically, "not later
than the 10th business day after the date of receiving the written request." See Tex.
Gov't Code Ann. § 552.301(b) (Vernon Supp. 2006). The attorney general's opinion
was not requested until more than eight months after Jackson's initial written request,
and all parties agree that the request was not timely. Because DPS's request for the
attorney general opinion was not timely, DPS must provide a "compelling reason" to
prevent disclosure. Tex. Gov't Code Ann. § 552.302. It clearly complied.V. Conclusion

 We overrule all of Jackson's issues and affirm the judgment of the trial court. 
 

 

 ROSE VELA

 Justice


Opinion delivered and filed 

this 1st day of November, 2007.
1. This section allows the department to contract with a private vendor.