

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00060-CV

**ROBERT WALTER BONNER,**

**Appellant**

 **v.**

**CITY OF BURLESON TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C201000638

# DISSENTING OPINION

In this proceeding, Robert Walter Bonner, the appellant, is acting as his own counsel. This is not Bonner's first rodeo. He has also appeared in this Court in the following proceedings: 10-09-00120-CR, *Bonner v. State* (represented by counsel in the appeal of his criminal conviction; issues in his criminal appeal included 20 allegations of ineffective assistance of counsel, some of which were directed to the document sought to be disclosed in this proceeding), 10-10-00011-CV, *In the Matter of the Marriage of Bonner* (private divorce; Bonner representing himself on appeal), and 10-10-00383-CR,

*Bonner v. State* (appeal of post conviction pro se petition to disclose grand jury testimony; Bonner representing himself on appeal).

**THE SUMMARY JUDGMENT ISSUE**

In this proceeding, Bonner argues that the trial court erred in granting the City of Burleson's motion for summary judgment. Even after Bonner was notified by the City's brief that the trial court did not grant the City's motion for summary judgment, Bonner stayed with the same issue and did not request to supplement his brief with a new issue or otherwise amend his brief. The only issue presented by the appellant is immaterial because the trial court did not grant the City's motion for summary judgment. I would, therefore, overrule Bonner's issue and affirm the trial court's judgment.

**THE PLEA TO THE JURISDICTION**

Notwithstanding the briefing deficiency that was drawn to his attention but remains uncorrected, and if I were to give Bonner's trial court pleadings and his appellate briefing a more expansive reading, some would say a broad interpretation, I could not, as the Court does, hold that the issue of standing raised by the City is not properly a jurisdictional issue in this case.

Under the very broadest of interpretations, this is an appeal of a plea to the jurisdiction granted against Bonner. The underlying proceeding is a bit unusual. It is a mandamus proceeding brought under a specific provision of the Government Code. Bonner alleges the City of Burleson has failed to comply with the Texas Public Information Act. *See* TEX. GOV'T CODE ANN. Ch. 552 (West 2004 and Supp. 2010).

To attorneys and judges who have not dealt with this type proceeding before, it may be helpful to discuss the nature of the proceeding in the trial court and its differences from the typical mandamus proceeding that an appeals court deals with. This is an appeal of the mandamus action which was initiated in the trial court. An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal as any other civil suit. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991); *Simmons v. Kuzmich*, 166 S.W.3d 342, 345 (Tex. App.—Fort Worth 2005, no pet.); *Harris v. Jones*, 8 S.W.3d 383, 385 (Tex. App.—El Paso 1999, no pet.); *Dallas Area Rapid Transit v. Dallas Morning News*, 4 S.W.3d 469, 473 (Tex. App.—Dallas 1999, no pet.); *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.).

If relevant to the appeal, we would review the trial court's findings of fact and conclusions of law in accordance with the standards generally applicable to a trial court's findings and conclusions. *See Anderson*, 806 S.W.2d at 794 n.2; *Simmons*, 166 S.W.3d at 345-346; *Dallas Area Rapid Transit*, 4 S.W.3d at 473; *Tex. Legal Found.*, 958 S.W.2d at 481. That is, we review findings of fact for legal and factual evidentiary support, and we review conclusions of law de novo. *Simmons*, 166 S.W.3d at 346; *Dallas Area Rapid Transit*, 4 S.W.3d at 473; *Tex. Legal Found.*, 958 S.W.2d at 481. We do not apply the abuse of discretion standard applicable to mandamus actions that originate in our appellate courts. *Simmons*, 166 S.W.3d at 346; *Harris*, 8 S.W.3d at 385.

Thus, these mandamus proceedings under the Texas Public Information Act are basically like regular lawsuits but are purely creatures of the statute that authorizes the

suit and only to that extent is sovereign immunity waived. The statute is designed to compel compliance with a specific request for information.

In this case, the primary request for public information that is being addressed is a request submitted by email on May 5, 2008 from a sender identified only as "Texas Brat." I will address that specific request and the standing issue first. In discussing this issue, I will first ignore Bonner's allegation that Texas Brat was a person hired by his family as a private investigator and was thus his agent in making the request. Only after addressing the Texas Brat in isolation will I discuss the slight modification of the analysis if Texas Brat is Bonner's agent. I will then address the jurisdictional issue of the three other Texas Public Information Act requests Bonner made.

*Texas Brat*

There was no way for the City to have known that Texas Brat was an agent of Bonner, as he alleged in his suit for writ of mandamus, when the request was made by Texas Brat. As discussed above, I will address the "agent of Bonner" aspect of the request in a moment. But first I must directly address the issue of whether Bonner has standing to bring a mandamus petition to compel the City to respond to a request made by Texas Brat. Texas Brat, as the person that made the request, *i.e.* the "requestor," is the only person who would have standing to complain about the City's alleged failure to comply with the Texas Public Information Act. *See* TEX. GOV'T CODE ANN. §§ 552.003(6) and 552.321(a) (West 2004). Texas Brat is the only "requestor" that can assert that he/she made a request and that the City failed to comply with the request. *Id*.

In this regard, there are two important comparisons to be made to more traditional litigation. First, it is only an aggrieved or injured party that can bring a lawsuit. In regard to the May 5, 2008 request from Texas Brat, only Texas Brat has a complaint about the City's alleged failure to comply with the Act. Thus, only Texas Brat is considered the "requestor" for purposes of the statute. Second, the process of first making a request for the disclosure of information is the equivalent of an administrative remedy that must be exhausted before the person seeking the information may proceed to file the mandamus petition. *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ("Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction." (citation omitted)).

And it is critical to establish the identity of the requestor because compliance with other provisions of the Act requires communication with the requestor. Specifically, when the governmental body requests an Attorney General opinion, the governmental body must provide to the "requestor" a written statement and a copy of the communication to the Attorney General. TEX. GOV'T CODE ANN. § 552.301(d)(1)and (2) (West Supp. 2010). Further, when the Attorney General renders its opinion, a copy must be provided to the "requestor." *Id*. § 552.306(b). It is not enough that somebody in the universe made the request to then authorize another individual to bring the mandamus petition; it is necessary that a person must have made the request before

that person is entitled to bring the petition. Without this requirement and implicit limitation of standing to the "requestor," how would the City or the Attorney General be able to otherwise comply with their communication requirements under the statute?

Further, it is also fundamentally necessary to establish the identity of the requestor, not only for communication purposes, but also because the statute authorizes only the requestor or the Attorney General to pursue the mandamus suit and then, only if an Attorney General opinion is not requested. *Id*. § 552.321(a) (West 2004). So, as noted above, there is no way for the governmental body or the Attorney General to comply with the other duties of the Texas Public Information Act by communicating with anyone other than the requestor. And the provision that Bonner relies upon to bring the mandamus suit for the City's alleged failure to provide access to the information authorizes the proceeding only "if the governmental body refuses to request an attorney general's decision…." *Id*.

The fundamental problem that strict recognition of the standing requirement solves is, in fact, presented in this proceeding. Both the governmental body and the Attorney General complied with their Texas Public Information Act duties by communicating to the requestor as identified and made known to them, Texas Brat, not to Bonner. Thus, when attempting to bring this proceeding, Bonner, a mere interloper at that point, was unaware that the Attorney General opinion that had been requested

had actually issued and that, therefore, the mandamus proceeding was not authorized by the statute.[1]

Thus, based on the forgoing, because the May 5, 2008 request was made by Texas Brat, Texas Brat is the requestor and is the only person, other than the Attorney General, that could have standing to bring the mandamus. Further, even as to Texas Brat, the trial court does not have jurisdiction of the suit because the mandamus proceeding is only authorized if the governmental entity does not request an Attorney General opinion. In the facts as alleged by Bonner, he recognizes that a request for an Attorney General opinion was made. Therefore, he affirmatively pled facts which conclusively negate jurisdiction.

*Texas Brat – Bonner's Agent*

We next must take up the issue that Bonner asserts he has standing as the requestor because, based upon his allegations which we must take as true in an appeal from a plea to the jurisdiction, Texas Brat is his agent (although not his attorney). Based on this allegation, as the principal, Bonner is bound by the actions of the City of Burleson in response to Texas Brat's request. As noted above, the City requested an Attorney General opinion in response to the request of Texas Brat/Bonner. The City having requested an Attorney General opinion, the requestor, Texas Brat/Bonner, has

---

[1] The Attorney General opinion determined the Burleson Police Department report sought by Bonner is protected by TEX. GOV'T CODE ANN. § 552.101 (West 2004) under TEX. FAM. CODE ANN. § 261.201(a) (West Supp. 2010). The protection of the document under that statue has been determined to be constitutional. *See Doe v. Tarrant County Dist. Attorney's Office*, 269 S.W.3d 147 (Tex. App.—Fort Worth 2008, no pet.). Bonner is not deprived of the document due to his status as an inmate. Even before the City and the Attorney General knew Texas Brat may have been an agent for an inmate, they determined the document sought was exempt from disclosure.

no authority under section 552.321 to bring a suit for writ of mandamus. Thus, the trial court did not err in dismissing the suit for writ of mandamus brought by Texas Brat/Bonner.

### *Estrada Distinguished*

The Court and Texas Brat/Bonner rely on *Estrada* for the proposition that a plea to the jurisdiction is not the proper procedural vehicle to challenge standing as a requestor. *City of Houston v. Estrada*, No. 14-08-00900-CV, 2009 Tex. App. LEXIS 1970 (Tex. App.—Houston [14th Dist.] March 26, 2009, no pet.) (mem. op.). I respectfully disagree. In *Estrada* there was the allegation that the individuals signing the request were employees of the law firm identified in the mandamus proceeding. But all the requests at issue in the *Estrada* appeal were submitted on the law firm's letterhead. The petitioner asserted that the signatories on the letterhead were agents for the law firm, and thus, the law firm was the requestor. To the extent of the agency allegations on appeal and whether that makes the law firm the requestor, the reader must remember that the requests were made on the law firm letter head; and thus, the City of Houston was not faced with the same issue that the City of Burleson faces in this proceeding. The agency relationship was clearly implied in or by the form of the request. In this proceeding, however, the City of Burleson had no way of knowing the agency relationship between Texas Brat and Bonner. Additionally, and much more important for the distinction from *Estrada*, Burleson requested an Attorney General opinion defeating the ability of Texas Brat or its principal, Bonner, to use the procedural vehicle of a suit for a writ of mandamus. Further, to the extent that *Estrada* discusses the

"status" as a requestor, it appears to be more of a question of capacity than standing which is a rather common area of confusion. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-849 (Tex. 2005) (discussing the difference between standing and capacity and discussing the confusion between the two concepts).

*Inmate Request for Public Information – Three Requests*

I now turn my attention to whether a suit for writ of mandamus is available to an inmate. I believe that any fair reading of the statute would be that it is not.

Bonner's petition identifies three other requests for information he submitted at various times to various persons within the City. In each of these, on the face of the request, he identified himself as being incarcerated. And it is undisputed that, at all times relevant to the requests for information and during the course of this proceeding, Bonner has been, is, and will remain for some time in the future, incarcerated. *See Bonner v. State*, No. 10-09-00120-CR, 2010 Tex. App. LEXIS 7440 (Tex. App.—Waco Sept. 8, 2010, pet. ref'd) (mem. op.). Because Bonner is an inmate in a correctional facility, governmental bodies, including the City of Burleson, need not accept or comply with a request for information from Bonner or an agent of Bonner other than his attorney. TEX. GOV'T CODE ANN. § 552.028(a) and (c) (West 2004). The issue thus presented in the Court's expanded construction of this proceeding is whether a trial court has jurisdiction of a suit for writ of mandamus under section 553.321 brought by an incarcerated person.

This requires us to look to the statutory scheme as a whole and determine if the waiver of sovereign immunity provided for by section 552.321 is limited by another

provision of the same Act. It must be remembered that we are construing a waiver of sovereign immunity and such waiver must be clear and unambiguous. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). A mandamus proceeding, even in this context, is to compel the governmental body to comply with a ministerial act, the disclosure of public information. But not every request must be acted upon by the governmental body. Specifically, as noted above, the governmental body is not required to accept or comply with a request for information from an incarcerated person. To allow an incarcerated person to present a request for information and then to bring a suit for a writ of mandamus against the governmental body when the governmental body has no duty or obligation to accept or comply with the request in the first instance would be an absurd result.[2] I believe that the proper construction of the Act as a whole is that section 552.028 is a limitation on the waiver of sovereign immunity otherwise provided by section 552.321. If it is construed otherwise, it would require the governmental body to respond to a suit for failing to respond to a request that it had a statutory right to ignore.

## CONCLUSION

Jurisdiction is never presumed. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-444 (Tex. 1993). We are to affirm a trial court's judgment if it is correct on any theory of law supported by the case. *See In re W.E.R.*, 669 S.W.2d 716, 717

---

[2] At the very least, it would mean there is no realistic chance of success in such a proceeding and it should be dismissed as frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002); *Hickman v. Moya*, 976 S.W.2d 360 (Tex. App.—Waco 1998, pet. denied). This particular proceeding could also have been dismissed because Bonner failed to file the affidavit relating to previous filings. TEX. CIV. PRAC. & REM. CODE ANN. §14.004 (West 2002).

(Tex. 1984). Because Bonner only asserts that the trial court erred in granting the City's summary judgment, when the trial court did not grant the City's summary judgment, I would overrule his sole issue and affirm the trial court. If I were to proceed to the issues as framed and addressed by the Court regarding the propriety of the trial court's dismissal for lack of jurisdiction, I would also affirm the trial court's judgment. Accordingly, I respectfully dissent to the reversal of the trial court's judgment and the remand of this proceeding.

TOM GRAY
Chief Justice

Dissenting Opinion issued and filed August 31, 2011