# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00694-CV

### In re Dunbar Armored, Inc.

### ORIGINAL PROCEEDING FROM BELL COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Dunbar Armored, Inc. has filed a petition for writ of mandamus, complaining of the trial court's refusal to grant its motion to dismiss. *See* Tex. R. App. P. 52. As explained below, we agree with Dunbar that the underlying cause should be dismissed and conditionally grant mandamus relief. *See id.* R. 52.8(c).

### Background

In 2013, Dunbar entered into a contract with real party in interest First National Bank.[1] Under the contract, which was executed in Maryland, Dunbar agreed to provide support services for automated teller machines (ATMs) in Houston, including deposit collection and cash delivery. The contract included the following paragraph:

> Upon discovery of a claim for loss or damage under this contract, CUSTOMER shall promptly report the same to the appropriate police authorities and shall maintain and preserve all evidence. Within ten (10) days after discovery of any loss, but in no

---

[1] The facts are taken from the contractual documents and the parties' pleadings in the underlying lawsuit.

event more than thirty (30) days after delivery to DUNBAR of the funds, securities, instruments and/or valuable articles in connection with such claim is asserted, CUSTOMER shall give notice of claim in writing to DUNBAR. If the CUSTOMER fails to comply with the conditions of this paragraph 6, CUSTOMER agrees that all claims against DUNBAR relating to the lost or damaged items are deemed to be waived and released. Within thirty (30) days after the giving of written notice of any claim for loss or damage under this Contract, CUSTOMER shall furnish to DUNBAR detailed written proof of such loss or damage in form satisfactory to DUNBAR'S insurer. CUSTOMER agrees to cooperate with and assist DUNBAR'S insurer in its adjustment of any loss. No action, suit or other proceeding to recover from any such loss or damage shall be maintained against DUNBAR unless CUSTOMER complies with all of the terms and conditions of this Contract, and unless such proceeding is commenced within twelve (12) months of the day of receipt by DUNBAR of the funds, securities, instruments and/or valuable articles with respect to which such suit, action or proceeding shall be brought. If it is determined that any of the provisions of this paragraph are invalid, then the notice requirements and the time for suit stated herein shall be the shortest limit of time allowable under applicable law. This Contract and all claims hereunder will be governed by the laws of the State of Maryland, and all claims, suits, or proceedings brought against DUNBAR to recover for loss or damage must be brought in a court within the jurisdiction of the State of Maryland.

To satisfy its contractual duties, Dunbar had to maintain an inventory of cash belonging to First National and was responsible for accounting for the cash in the inventory and in the ATMs. After the parties canceled their contractual agreement, Dunbar returned the remaining funds. First National alleged a $40,000 shortfall in those funds, but Dunbar denied that it owed any funds.

In 2015, First National sued Dunbar in Bell County, Texas, raising claims for breach of contract, money had and received, and breach of fiduciary duty and request for accounting. Dunbar filed a motion to dismiss, relying on the forum-selection clause. First National argued in response that the forum-selection clause did not apply to its claims because that clause applied only to allegations involving "property loss or damage." The trial court signed an order denying Dunbar's motion to dismiss, and Dunbar filed this original proceeding.

2

**Discussion**

Dunbar asserts that the contract's forum-selection clause required First National's suit to be filed in Maryland, not Texas, and that the trial court abused its discretion in denying Dunbar's motion to dismiss.[2] "[M]andamus is available to enforce a forum-selection clause. There is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause, and such clauses can be enforced via mandamus." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231 (Tex. 2008) (forum-selection clause is generally enforceable, and party who challenges validity of clause bears heavy burden). "When a party seeks to enforce a mandatory forum-selection clause, a court must determine whether the claims in question fall within the scope of that clause." *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 687-88 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

First National contends that the trial court had the discretion to determine that the contract and its forum-selection clause were ambiguous. *See In re Sterling Chems., Inc.*, 261 S.W.3d 805, 811 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("Given the ambiguity in the forum-selection clause, we cannot say that the trial court abused its discretion by denying relators' motions to dismiss."). Thus, First National argues, the court did not abuse its discretion in deciding to deny Dunbar's motion. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (trial court abuses its discretion if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law," and relator has "heavy burden" of showing, "under the

---

[2] *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (mandamus will issue only if trial court's error constituted "clear abuse of discretion" and there is no adequate remedy by appeal).

circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion."); *Harris v. Jones*, 8 S.W.3d 383, 386 (Tex. App.—El Paso 1999, no pet.) ("if more than one course of action is open to the trial court, mandamus should not issue"). To support its argument, First National notes that the forum-selection clause addresses "all claims, suits, or proceedings brought against DUNBAR to recover for *loss or damage*" (emphasis added), while elsewhere the contract states that "all claims hereunder will be governed by the laws of the State of Maryland." First National contends that Dunbar "could easily have included a requirement that *all claims* arising under the [contact] are subject to the forum-selection clause" and that, because it did not do so, the trial court did not abuse its discretion in concluding that the forum-selection clause applied only to claims for "loss or damage" and that First National's claims did not fall within that category of claims. First National next notes that the forum-selection clause provides that once the bank discovered a claims for loss or damage, it was to report the loss to law enforcement and maintain any evidence. This, it argues, implies that claims subject to the forum-selection clause are those arising from a criminal act resulting in loss or damage to personal property.

In interpreting a contract, we must read the document as a whole. *See EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 413 (Tex. App.—Austin 2005, pet. denied). First National, however, seeks to pull the paragraph containing the forum-selection clause into individual parts. The entire sentence in which the forum-selection clause appears reads as follows: "This Contract and all claims hereunder will be governed by the laws of the State of Maryland, and all claims, suits, or proceedings brought against DUNBAR to recover for loss or damage must be brought in a court within the

4

jurisdiction of the State of Maryland." When we read the forum-selection clause in the context of the entire paragraph and the contract as a whole,[3] it is clear that First National's claims, asserting that Dunbar wrongfully withheld $40,000 of funds when the contractual relationship ended, are claims for "loss or damage" that fall within the forum-selection clause and were required to be filed in a Maryland court. Thus, the trial court erred in denying Dunbar's motion to dismiss.

**Conclusion**

We conditionally grant Dunbar's petition for writ of mandamus. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: January 6, 2016

---

[3] The contract also provides: that Dunbar would carry insurance covering its liability under the contract "for loss of or damage to property consigned to it thereunder"; that First National agreed that "all shipments of monies, notes, securities and other valuable property" provided by it to Dunbar would be contained in secure containers; that Dunbar would only be responsible for the value of property as reflected by Dunbar's receipt for "sealed bags, packages or cassettes"; that First National agreed that Dunbar was to "provide services outlined herein subject to the terms and conditions stated above"; that Dunbar accepted its contractual duties "only with the acceptance of and compliance with the terms and conditions stated above"; and that "[a]ny claims made by [First National] must be subject to these conditions, whether filed under contract, tort, warranty, strict liability, bailment, conversion, or any other theory of liability."